DELPHA T. RANSIER, Appellee, v. JOHN F. WORRELL et al., Appellants.

No. 40229.

MARCH 11, 1930.

REHEARING DENIED DECEMBER 13, 1930.

*Donnelly & Lynch* and *Anderson & Lynch,* for appellants.

*Edwards, Longley, Ransier & Harris,* for appellee.

FAVILLE, J.—The farm in controversy comprises 200 acres. There were two mortgages upon it. This case involves the second mortgage, which was for the principal sum of $8,000. One

 Worrell owned the premises, and executed said mortgage on August 23, 1926. Spece, it appears, was in possession of said premises as a tenant, under lease expiring March 1, 1928. On November 4, 1927, Worrell extended the existing lease with Spece for a term of one year from March 1, 1928, to March 1, 1929, for a cash rental of $1,250. Worrell made a deal with appellant Blaine for the conveyance of said premises, and on June 4, 1928, the premises were deeded to Blaine. This deed was made subject to the mortgage in question. On said date, the outstanding lease from Worrell to Spece, which had been extended for the term from March 1, 1928, to March 1, 1929, as above stated, was also assigned to Blaine.

On August 11, 1928, Blaine gave Spece a new lease of said premises for the year from March 1, 1929, to March 1, 1930, for the agreed rental of $1,250. This rental was evidenced by three notes, one being for $300, due in September, 1929, one for $450, due in December, 1929, and one for $500, due in February, 1930. On November 16, 1928, Blaine made Spece a proposition to discount the said rent for said term from March 1, 1929, to March 1, 1930, for cash. Spece borrowed $1,025 from his father, and paid Blaine, and the $300 rent note was turned over to him, and the original notes of $500 and $450 were turned over to Spece's father on November 16, 1928. At the time of this transaction, Blaine made an indorsement upon said lease as follows:

"November 16, 1928. For $100.00 and other valuable consideration, I hereby sell, assign, and transfer, all my rights, title, and interest to the within lease to William R. Spece (tenant). John M. Blaine."

On November 17, 1928, Blaine deeded said premises to one Harris, subject to the said two mortgages thereon, and the deed also recited: "Subject to all unpaid taxes and interest as is of record; the lease to W. R. Spece, which runs until March 1, 1930, and which has been assigned to W. R. Spece." On November 18, 1928, Blaine transferred and assigned to appellant Harcourt all of his rights under the extension or renewal of Spece's lease of said premises for the year from March 1, 1928, to March 1, 1929. On said lease Spece had previously paid the $300 installment which was due October 1, 1928, and there remained thereon $500 due December 1, 1928, and $450 due February 15, 1929.

608

The action for foreclosure of the appellee's mortgage was begun on December 14, 1928. Appellants Blaine and Harcourt, and Spece and C. H. Harris, the then title holder, were all made parties to said foreclosure action. In the petition in said action, the appointment of a receiver was asked, and a receiver was appointed December 20, 1928. On February 8, 1929, Blaine and Harcourt filed separate answers. On February 26, 1929, a decree of foreclosure was entered, fixing the amount due on appellee's mortgage, and ordering that the property be sold, and expressly reserving and retaining jurisdiction of all the parties for further orders as to rents, issues, and profits. There was no appeal from this decree. On February 28, 1929, the receiver notified Spece in writing that he had taken possession of said farm; that Spece had no right to the possession thereof; and that he refused to recognize any rights in Spece under his lease from Blaine for the season from March 1, 1929, to March 1, 1930. Thereafter, to wit, on March 9, 1929, the receiver rented said premises to Spece for the term of one year, beginning March 1, 1929. The premises were sold under special execution on March 30, 1929, and a deficiency remained. Subsequently, the question as to the right to the rentals was tried. The appellant Harcourt claims the right to recover the rents and profits under the extended lease from March 1, 1928, to March 1, 1929, which had been assigned to him by Blaine on November 18, 1928. Spece, as a cross-petitioner, seeks to recover judgment against Blaine for the amount he paid Blaine in settlement of the rent notes which he had given to Blaine for the year from March 1, 1929, to March 1, 1930.

The court found that the appellee's lien upon the rents and profits under her mortgage became fixed on December 20, 1928, as an actual lien thereon, and that the appellee was entitled to have the same established as security for the balance due upon the mortgage debt, and established the same against the rents and profits of the said premises accruing after December 20, 1928, and made the same superior to any and all claims for use, rents, and profits on the part of the other parties. The court further found that, on November 17, 1928, Blaine had conveyed to C. H. Harris the title to all rentals of said premises that were then unaccrued under the extension of the lease which was dated November 4, 1928, and that C. H. Harris had transferred the title to said unaccrued rentals to George D. Harris. The court di-

rected that Harcourt and George D. Harris should file their claims to the said rentals and have a hearing thereon at a future date to determine the superiority of the claims thereto. Jurisdiction was reserved for said purpose.

On the cross-petition of Spece against Blaine, the court found that the consideration for the rental of said premises between said parties for the period from March 1, 1929, to March 1, 1930, had failed. Judgment was rendered in favor of Spece and against Blaine for the sum of $1,250, with interest. From said decree Blaine and Harcourt prosecute this appeal. A cross-appeal which was taken by Spece has been dismissed.

I. First, as to Harcourt's appeal. The court found that, after the sale of the said real estate, there remained a balance due to appellee upon said mortgage indebtedness of $2,320.14, which amount the court established as a lien upon the rents and profits of the mortgaged premises accruing after December 20, 1928, the date of the appointment of the receiver. The court found that, on November 17, 1928, Blaine had conveyed the premises to C. H. Harris, and that C. H. Harris had transferred the title to said premises to one George D. Harris, who now holds title to the same. Just what interest, if any, the said C. H. Harris or George D. Harris has or claims to have in said rentals does not clearly appear from the record. The court ordered that, as to any claim for the rentals in the hands of the receiver between Harcourt and George D. Harris, they should file their claims to such rentals and have a hearing thereon for the determination of the superiority of said claims, and reserved jurisdiction to determine the same at a later date. Appellant Harcourt complains that the decree of the court in so far as it refers to George D. Harris was erroneous, and that Harcourt was entitled to an order on the receiver to turn over to him all rents which accrued on the extended lease for the term from March 1, 1928, to March 1, 1929, and which were assigned to Harcourt on November 18, 1928. The question of the rights between Harcourt and George D. Harris having been expressly reserved for further determination, there has been no adjudication in regard to said matter, and we therefore give it no further attention.

The appeal of Harcourt, however, does present for our determination the question as to whether the assignment of the lease existing between Blaine and Spece for the term from March 1,

1928, to March 1, 1929, which assignment was made November 18, 1928, gave to Harcourt a right to the rentals that thereafter accrued on said lease after the appointment of the receiver on December 20, 1928, superior to appellee's mortgage.

We have frequently held, in actions of this character, that the mortgagee under such a mortgage, pledging rents and profits, does not have a *lien* thereon until the commencement of foreclosure proceedings in which a receiver is sought. *Hatcher v. Forbes*, 202 Iowa 64; *Keokuk Tr. Co. v. Campbell*, 205 Iowa 414; *Kooistra v. Gibford*, 201 Iowa 275; *Lynch v. Donahoe*, 205 Iowa 537. The mortgagee, although having "a potential interest" in the rents and profits, has no lien thereunder until the commencement of the foreclosure suit asking for the sequestration of such rents and profits. Until such an action is commenced, the landowner, even though the original mortgagor, may sell and dispose of the rentals for a period not exceeding the period of redemption, if the transaction is free from fraud. *Keokuk Tr. Co. v. Campbell*, supra; *Haning v. Dunlop*, 203 Iowa 48; *Hatcher v. Forbes*, supra; *Young v. Stewart*, 201 Iowa 301; *Cooper v. Marsh*, 201 Iowa 1262; *Kooistra v. Gibford*, supra; *King v. Good*, 205 Iowa 1203; *Lynch v. Donahoe*, supra; *Louis v. Hansen*, 205 Iowa 1216.

In this case, the lease which expired March 1, 1929, provided for cash rent payable in installments. A portion of the rent had been paid before the appointment of the receiver. The receiver was appointed on December 20, 1928. Notice of the application for the appointment of a receiver appears to have been given the tenant Spece, who, however, did not appear at the hearing. It does not appear that Harcourt or Blaine was notified of the hearing on the application for the appointment of a receiver. They were, however, made parties to the foreclosure action, and appeared and filed answers after the receiver had been appointed and before the receiver had made distribution of any funds that came into his hands. The situation is entirely different from that in the recent case of *Hoogestraat v. Danner*, 209 Iowa 672.

After the appointment of the receiver, an installment of rent amounting to $450 accrued, under the then existing lease, on February 15, 1929. This was paid to the receiver. This rent Harcourt claims, under his assignment from Blaine. We think that, as between Harcourt and the receiver, the assignment of the

rental for the term from March 1, 1928, to March 1, 1929, was valid, and Harcourt's right thereto was superior to the rights of the appellee or the receiver. In so far as the decree purports to establish the rights of the appellee or the receiver in and to the rentals for the term from March 1, 1928, to March 1, 1929, as superior to the rights of the appellant Harcourt, it must be reversed.

II. On August 11, 1928, Blaine leased the premises to Spece for the term of one year from March 1, 1929, to March 1, 1930. On November 16, 1928, Blaine discounted the rent notes, and received cash from Spece therefor. The receiver  was appointed on December 20, 1928. Spece was made a party to that action, and notified of the application for appointment of a receiver. On February 28, 1929, the receiver duly notified the tenant that the receiver had the right to immediate possession of the premises, and that Spece could not retain the same without a lease from the receiver.

The rights of the tenant under his extended lease terminated March 1, 1929. He was legally evicted at that time. He never acquired any rights whatever under the lease from Blaine. However, he paid Blaine the rent in advance of the term, by the discount of the rent notes. There was obviously an absolute and total failure of consideration for the lease from Blaine to Spece for said term. The contract of lease was executory. Blaine never performed the undertaking on his part, nor could he perform it. Spece was evicted before the term began, and Blaine could not put him in possession of the premises. The fact that the receiver leased the premises to Spece for the same term does not help Blaine's situation any. He has Spece's money. He has given nothing in return. It is a clear case of "getting something for nothing." The case falls within the rule recognized by us in *Browne v. Willis*, 199 Iowa 453, and *Keenan v. Jordan*, 204 Iowa 1338. See, also, *Virtue v. Teget*, 209 Iowa 157. Spece is not entitled to recover from Blaine more than the actual amount paid by him, which, under the record, appears to have been $1,025. The court erred in entering judgment in favor of Spece and against Blaine for the sum of $1,250, with interest. The judgment should be for the sum of $1,025 and interest. To this ex-

tent, the judgment in favor of Spece and against Blaine is modified .

On the appeal of Harcourt, in so far as the decree purports to establish a claim by the receiver to any portion of the rentals for the term ending March 1, 1929, superior to the rights of Harcourt, the decree is reversed.

On the appeal of Blaine, the decree is affirmed.

*Modified and affirmed in part; reversed in part.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.