L. A. ANDREW, Receiver Appellee, v. DAVID F. MILLER et al., Defendants; JUNE MILLER, Intervener, Appellant.

No. 42469.

JUNE 23, 1934.

G. C. Stuart and A. V. Hass, and H. B. Bracewell, for appellant.

Seerley, Clarke & Hale, and Murrow & Miles, for appellee.

CLAUSSEN, C. J.—This action was commenced in equity to foreclose a mortgage. In the petition plaintiff asked for the appointment of a receiver to take possession of the mortgaged real property and to perform the usual duties of a receiver. Intervener filed her petition of intervention by way of resisting the appointment of a receiver, alleging, in substance, that prior to the commencement of the foreclosure proceedings the defendant owner of the mortgaged premises conveyed to her the right to the use and occupancy of the premises until March 1, 1935. The trial court appointed a receiver for the premises, and from this action intervener appeals.

The appeal presents but one question, namely, whether the conveyance of the right of possession to intervener is void for want of consideration and because of fraud. The record is not long, but no useful purpose would be served by incorporating the testimony in the opinion. The conclusions which we reach can have no value as precedent. It is established by the evidence that appellant was interested as heir or legatee in the estate of a decedent who was

related to her and to Luther Miller, to whom the mortgaged premises had been conveyed by the mortgagor; that several distributions were made of the assets of the estate of such decedent and that intervener was the recipient of substantial sums of money in such distributions; that Luther Miller was interested with his father and brothers in various tracts of land; that they were in urgent need of money at the time the funds of the estate above referred to were being distributed; that Luther Miller solicited the use of the funds of the estate payable to intervener for use in the liquidation of debts and charges against the property in which he and his father and brother were interested and agreed that if intervener would permit such use of said funds to be made, he would see that the funds were repaid to intervener; that pursuant to such agreement, such funds of the intervener were used for the desired purpose. These transactions took place in 1923. On March 1, 1923, the mortgage in suit was executed. Foreclosure proceedings were commenced by the filing of the petition on June 15, 1933. In the meantime, to wit, on February 23, 1933, the defendant Luther Miller executed to intervener a promissory note in the sum of $5,760, which the record indicates was given for the purpose of evidencing his indebtedness to intervener on account of the transactions between him and intervener in the year 1923. On the same day he executed an instrument assigning to intervener the right to "the possession, use and occupancy of the real estate hereinafter described". This instrument was duly acknowledged and was filed on the 17th day of April, 1933, in the office of the county recorder of the proper county. Concerning the sufficiency of the instrument and the surrounding facts and circumstances to defeat the right to plaintiff to have a receiver appointed, no question is raised other than as above noted that the instrument is void for want of consideration and on account of fraud. If the facts in relation to the transactions between Luther Miller and intervener are as above set forth, there can be no question but what the transfer is sustained by a sufficient consideration and is not tainted by fraud. Luther Miller was undoubtedly hopelessly involved financially, as were his father and brothers, in the year 1923. A few years later intervener became financially involved and filed a petition in bankruptcy. She did not list her demand against Luther Miller in the schedule of her assets. In negotiations between the holder of the mortgage and Luther Miller, nothing was said by Luther Miller pertaining to his obliga-

tions to intervener. The case on the whole is made by the testimony of intervener's husband. He was uncertain as to dates and considerable confusion and some contradiction exists in his testimony. The outstanding facts are clearly established, however, that the money, payable to intervener out of the estate referred to, was used by the Millers as contemplated between intervener and Luther Miller. There is no suggestion that such funds were ever repaid to intervener. There is no doubt concerning the execution of the note and the assignment above referred to. Other than the fact that the result of the execution of the transfer takes from plaintiff the right to the appointment of a receiver and gives to intervener the right to the rents and income from the land, there is no circumstance in the record which casts doubt upon the good faith of the parties. This is not sufficient to invalidate the transaction for Luther Miller had a perfect right to transfer the right to the occupancy of the premises to intervener. Ransier v. Worrell, 211 Iowa 606, 229 N. W. 663. We reach the conclusion that the transfer of the right to possession of the premises was based upon a sufficient consideration and is not tainted with fraud. In this situation the decree of the trial court must be reversed in so far as it appoints a receiver for the mortgaged premises. The case is remanded to the trial court for the entry of decree in conformity with this opinion.

Reversed in part and remanded with instructions.

EVANS, STEVENS, ALBERT, ANDERSON, MITCHELL, KINTZINGER, and DONEGAN, JJ., concur.