G. T. HAKES, Appellee, v. FRANK L. NORTH et al., Appellees; CITY SAFETY DEPOSIT COMPANY, Appellant.

RECEIVERS: Right of Receiver in Foreclosure—Prior Assignment of Rents. A mortgage providing, in case of foreclosure, for the appointment of a receiver to take charge of the rents, is no obstacle to the good-faith assignment of the rents by the mortgagor (or by one standing in his shoes) at any time prior to the commencement of the foreclosure; and it is quite immaterial that such assignee is himself a junior mortgage holder, when he is not claiming the rents under such junior mortgage.

Headnote 1:  27 Cyc. pp. 1249, 1630.

Appeal from Pottawattamie District Court.—TOM C. WHITMORE, Judge.

APRIL 7, 1925.

SUIT to foreclose a first mortgage upon a farm now owned by the defendant North. Plaintiff's mortgage was for $40,000,

and is conceded to be a first mortgage upon the farm. Decree was entered accordingly. A receiver was appointed, upon the application of plaintiff. The plaintiff, through the receiver, claims the rents and profits of the farm for the year 1923. This claim was resisted by the defendant City Safety Deposit Company, which claims such rents under an assignment of the lease for such year. The court below awarded the rent to the plaintiff, and the defendant City Safety Deposit Company has appealed.—*Reversed.*

W. A. *Ehlers* and *Walter S. Stillman,* for appellant.

C. E. *Swanson,* for appellee.

EVANS, J.—The issue presented for our consideration was made in the court below by the respective motions of the parties. A stipulation was entered that the allegations of the various pleadings should be taken as the equivalent of affidavits, and should be received as such in support of the respective contentions of the parties on their motions. Plaintiff's mortgage was made in March, 1919, and covered a farm of 262 acres. The mortgage was acquired by plaintiff from the mortgagee. The land was conveyed, subject to the mortgage, by the mortgagors, and the title passed through several mesne conveyances, and came to the defendant North sometime in the year 1920. In the conveyance to North, he assumed the plaintiff's mortgage. North rented the land for the years 1921, 1922, and 1923, by successive renewals, to the defendant J. A. Johnson, who, during such period, farmed the land under said lease. The rents consisted partly of cash and partly of crop share. North pledged these rents for borrowed money, and assigned the lease to the assignor of the defendant City Safety Deposit Company, for each of such years. The plaintiff brought his foreclosure suit on November 3, 1923. The plaintiff claimed the rents *for 1923,* under the provisions of his mortgage, and obtained the appointment of a receiver for the purpose of collecting the same. The defendant City Safety Deposit Company claimed the rents under the pledge and assignment from North, which was made long prior to the beginning of the foreclosure suit. This is the controversy pre-

sented for our decision. Plaintiff's mortgage contained the following provision:

"It is expressly agreed and understood by the parties hereto, that upon the commencement of any suit to foreclosure this mortgage, or at any time thereafter and prior to the expiration of the time for redemption from sale of said premises on foreclosure, any court of competent jurisdiction, upon the application of the mortgagee, its successors or assigns, or the purchaser at such sale, may at once and without notice to the mortgagors, their heirs or assigns, or any person claiming under them, appoint a receiver for said premises, to take possession thereof, to enter upon, cultivate, operate, and lease the same, to *collect the rents, issues, income and profits of such premises during the pendency of such foreclosure and until the time to redeem the same* from execution sale shall have expired, and out of the same to make necessary repairs and keep the premises in proper condition and repair during such period, and to pay all taxes and assessments, accrued or accruing between the commencement of such foreclosure suit and the expiration of the time of redemption, unredeemed tax and assessment sales remaining unpaid, at or prior to the foreclosure suit to pay insurance premiums necessary to keep premises insured in accordance with the terms of this mortgage and the expense of such receivership; and, at the option of the mortgagee, its successors and assigns, to have any balance remaining applied upon the debt hereby secured."

The plaintiff's claims are predicated upon the foregoing.

For the purpose of this question, we think that defendant North should be deemed to be standing in the shoes of the original mortgagor, inasmuch as he expressly assumed the mortgage. We have held heretofore that such a provision in a real estate mortgage as is above set forth does not operate as a present lien upon the rents, profits, or growing crops of the mortgaged land. Such provision is a part of the remedy provided for the collection of the mortgage, and operates upon the personalty only upon and after the commencement of the foreclosure, and as a part of the procedure. *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842; *Farmers & Merch. State Sav. Bank v. Kriegel,* 196 Iowa 833; *Swan v. Mitchell,* 82 Iowa 307; *Paine v.*

*McElroy,* 73 Iowa 81; *Stetson v. Northern Inv. Co.,* 101 Iowa 435. See, also, note to *Sullivan v. Rosson,* 4 A. L. R. 1400, at 1405.

If the provision does not operate as a present lien, it necessarily follows that it does not operate as an impediment in the way of other disposition by the mortgagor, of such rents and crops, either by sale or by pledge. In the enforcement of this provision through a receiver, it is to be enforced as against the mortgagor, and to the extent of the then existing rights of the mortgagor to such rents and crops. To say that the mortgagee may assert a seniority as of the date of his mortgage, or that his rights rise higher than those of the mortgagor, and that they may be asserted as against third parties who had already acquired such rents and crops in good faith from the mortgagor at a prior time, is to say that the mortgagee had a lien upon such property all the time. If he had no lien prior to the foreclosure, then necessarily the mortgagor had a right in good faith to dispose of the same. Any other rule would compel a mortgagor to let his land lie idle. He could not rent it, without subjecting his tenant to the risk of repudiation in harvest time. If he has a legal right to rent it, he should be deemed to have an equal right to dispose of the proceeds of the renting. In *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842, we held that the mortgagor had a right to mortgage his rent share of the crops for a given season, and that the subsequent foreclosure of the real estate mortgage, containing a like provision as is herein shown, did not entitle it to seniority over the chattel mortgage. Neither the right of the mortgagee to a receivership, nor the power of the receiver when appointed, is wholly independent of the sound discretion of the court. In the exercise of such discretion, the court should take judicial notice that the fiscal year of the farm begins on March 1st; that, if a farm is to be rented at all, it must be rented before the first of March; that the use of the farm has no value unless such use be carried through to the maturity of the crop; that the crop to be grown during a given season has, in a legal sense, a potential existence from the beginning of the season, and as such is a fair subject of barter, sale, or pledge. To hold otherwise would be to convert the mortgage proviso into a chattel mortgage. It is the

legal privilege of any mortgagee to ask and to receive a chattel mortgage to secure his debt, if that is what he really wants; but the courts are not justified in converting a proviso of this kind into a chattel mortgage by legal implication. Mortgages are not creatures of implication; nor should they be too readily permitted to spring suddenly from cover of unsuspected places.

If, as we have held, the mortgage proviso under consideration created no lien *before* foreclosure, then it necessarily follows that it could have no retroactive effect *after* foreclosure. Its operation must be prospective, and not retrospective. This is not saying that the mortgagee may not assail fraud and bad faith; but nothing of that kind is involved here. We hold, therefore, that the pledging of these rents was a fair exercise of North's right of property therein at a time when he was not in default, and when the plaintiff's mortgage was not a lien upon such rents; and that the court's discretion in the control of the receiver should be exercised in support of the transaction.

We do not overlook certain points stressed in argument by the appellee. One of these is that the City Safety Deposit Company, defendant, held a second mortgage upon such farm, and that such mortgage was expressly made subject to the plaintiff's mortgage. It is argued that it was, therefore, charged with notice of the plaintiff's mortgage and that it had made itself subject to it. Such was the ground of the holding of the trial court in entering decree. The fallacy of this argument is that this defendant is not claiming these rents under the second mortgage. Its right thereto is neither greater nor less because of the existence of its second mortgage. Nor is its claim of right predicated upon a want of notice of the plaintiff's mortgage. On the contrary, its claim is predicated on the *absence of right* in the plaintiff to any *lien* upon this property at any time prior to the beginning of its foreclosure suit. It claims as pledgee and assignee. The fact that it is also holder of the second mortgage upon the land has no bearing upon the issue.

It is also urged by appellee that the appellant did not prove its alleged assignment. But this alleged deficiency is covered by the stipulation of the parties. Neither party introduced formal evidence. In lieu thereof, they stipulated that the allegations of the pleadings should have the force and effect of evidence. It

was sufficient, therefore, that the appellant had alleged such assignment.

We reach the conclusion, therefore, that the court should have awarded these rents to the appellant upon its motion, rather than to the plaintiff, upon his. The order appealed from is, accordingly, reversed.—*Reversed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.