OM HATCHER, Appellant, v. F. J. FORBES et al., Appellees.

RECEIVERS: Mortgage Foreclosure—Receiver Denied When Rent Note Transferred. The appointment of a receiver in real estate mortgage foreclosure, to take charge of pledged rents, is properly refused when it is made to appear that, prior to foreclosure proceedings, the legal title holder has made a bona-fide transfer of the promissory note representing the rents in question. Especially is this true when neither the tenant note-maker nor the assignee of the note is a party to the foreclosure. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

Headnote 1: 27 Cyc. p. 1623.

*Appeal from Greene District Court.*—M. E. HUTCHISON, Judge.

JUNE 21, 1926.

Plaintiff, in connection with the foreclosure of a real estate mortgage pledging the rents and profits, prayed for the appointment of a receiver. A tenant (not a party-defendant) under a written lease from the legal title holder had paid the rent for the term, by the execution and delivery of a cash rent note, which, prior to the commencement of the foreclosure action, had been sold, with the lease, by the landlord to the Jefferson Savings Bank (not a party-defendant). From a decree denying the appointment of the receiver, the plaintiff appeals.—*Affirmed.*

*Graham & Osborn,* for appellant.

*Howard & Sayers,* for appellees S. J. Melson and Ethel G. Melson.

DE GRAFF, C. J.—The sole question on this appeal is whether the trial court erred in refusing to appoint a receiver, with the usual powers to take and hold the rents and profits of certain real estate described in plaintiff's petition, on foreclosure of a mortgage. The prayer of plaintiff for a decree of foreclosure was granted, but with this phase of the case there is no complaint by anyone.

The question of the appointment of a receiver in mortgage foreclosure cases is fairly well settled in this jurisdiction, and we are content to restate the controlling rule. When rents and profits are pledged by the terms of the mortgage, and a provision is made therein for the appointment of a receiver, the mortgagee acquires no lien by virtue of his mortgage upon the rents and profits of the mortgaged premises until foreclosure proceedings are commenced and the appointment of a receiver is prayed. *Young v. Stewart,* 201 Iowa 301, with cases cited.

The provision in the instant mortgage is as follows:

"That in case of default in any respect so that this mortgage can be foreclosed, the rents and profits of said premises, as well before as after sale on execution, are hereby pledged to the payment of the moneys secured hereby, and that on commencement of an action to foreclose this mortgage, the plaintiff therein shall be entitled to the appointment of a receiver with the usual powers to take and hold such rents and profits for the benefit of the plaintiff and subject to the order of the court."

The petition to foreclose, with prayer for a receiver, was filed in the district court of Iowa in and for Greene County, October 22, 1924. All of the defendants named and served with notice in this action defaulted, except the defendants S. J. Melson and his wife, Ethel G. Melson. In their separate answer it is alleged that S. J. Melson entered into a written lease covering the real estate in question, with one Nels Bravard, for the year commencing March 1, 1925, and ending March 1, 1926, which lease was duly filed for record September 30, 1924; that thereafter, and on or about the 13th day of October, 1924, and prior

to the commencement of this action, the lessor, Melson, sold and assigned said lease, with the rent note in the sum of $2,500, with indorsement on said note "with recourse," to the Jefferson Savings Bank, of Jefferson, Iowa. The proof sustains the allegations. Neither the lessee, Bravard, nor the assignee bank was made a party to the foreclosure action.

The record further discloses that the defendant Melson was then the title holder of the premises, but not the original mortgagor, nor had he assumed to pay said mortgage.

It is clear that Melson, as holder of the legal title, had the right to dispose of the rents and profits, without being liable to account therefor to the mortgagee. The rights of the mortgagee thereto did not arise until the foreclosure action was instituted. *Whiteside v. Morris,* 197 Iowa 211; *First Nat. Bank v. Security Tr. and Sav. Bank,* 191 Iowa 842; *Cooper v. Marsh,* 201 Iowa 1262.

When the action was commenced and the appointment of a receiver prayed, the rents had been sold and legally transferred to a bona-fide purchaser. The receiver, had one been appointed, would have been powerless to interfere with the rights of a third person not a party to the foreclosure proceeding. In fact, an order appointing a receiver would have constituted legal eviction of the tenant, under the then existing lease with the owner of the land. See *Browne v. Willis,* 199 Iowa 453. It is said in *Smith v. Cushatt,* 199 Iowa 690:

"The mortgagor had a right to so rent his land and to receive the rent in advance. * * * The receiver may be entitled to the rents and profits of the land, as against the mortgagors; but he is not entitled to them as against one who has, in good faith, acquired from the mortgagors, and paid for, the use of the land before any rights of the mortgagee or the receiver attached to the rents and profits."

See, also, *Hakes v. North,* 199 Iowa 995.

The evidence in the instant case does not establish any bad faith on the part of the lessee, or on the part of the assignee of the lease.

We conclude, therefore, that, under the facts and the legal principles applicable thereto, the trial court properly denied the

petition for the appointment of a receiver. The decree entered is—*Affirmed.*

EVANS, ALBERT, and MORLING, JJ., concur.