E. B. LYNCH, Appellant, v. JOHN DONAHOE et al., Appellees.

OCTOBER 25, 1927.

*C. J. Lynch,* for appellant.

*Wallace & Claypool,* for appellee.

KINDIG, J.—This controversy involves the question of priority between the first and second mortgagees, to procure the appointment of receiver under and by virtue of the authority  granted in the respective instruments, upon application therefor. The usual receivership clause is incorporated in each. Appellee, holding the junior incumbrance, filed its amended petition September 5, 1925, asking foreclosure and the naming of receiver. Service of the original notice was made on defendant Donahoe, October 12th in said year. Judgment and decree was entered in said cause January 4, 1927, wherein the receivership phase of the litigation was continued.

Appellant commenced her proceeding November 24, 1925, to foreclose her first mortgage; including prayer for designation of said trust officer, and the original notice therefor was served November 25th of said year. For the purpose of preventing such appointment, appellee appeared in appellant's action, February 3, 1926, asserting priority of its own right to said relief in the other case. Accordingly, two days later, judgment and decree of foreclosure was entered in favor of appellant, commissioning a receiver as against all defendants, but continuing the issue as between appellee and appellant. Supplemental decree was entered March 4th in said year, foreclosing the first mortgage as against the second, again, however, preserving the point concerning the rents and profits. Sale was had under special execution under the junior foreclosure suit March 13th, leaving a deficiency; while that growing out of the senior was held April 3d, also showing a shortage. Defendants, the Donahoes, were insolvent, and unable to pay said balance on either judgment.

Finally the undetermined contention was heard between the present parties, August 2d, and adjudicated August 12th, in favor of appellee. Wherefore the appeal was taken.

Argument for reversal is founded upon the ground that appellant's mortgage, being the superior, must necessarily carry with it, when in conflict with an inferior, the right stipulated for the selection of said receiver to control the "rents and profits" for the year beginning March 1, 1926. On the other hand, appellee's position is that, because of our previous decisions concerning the general subject-matter, the logic of the occasion requires an affirmance in the case at bar.

The clause relied upon in the written contractual obligations does not create a lien upon the "rents and profits" prior to the right acquired when the litigation is instituted. *Kooistra v. Gibford,* 201 Iowa 275; *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842; *Whiteside v. Morris,* 197 Iowa 211; *Sheakley v. Mechler,* 199 Iowa 1390; *Hakes v. North,* 199 Iowa 995; *Parker v. Coe,* 200 Iowa 862; *Young v. Stewart,* 201 Iowa 301; *Farmers & Merch. St. Sav. Bank v. Kriegel,* 196 Iowa 833. Furthermore, until the machinery for the relief is started, no right exists in the specific property. *First Nat. Bank v. Security Tr. & Sav. Bank,* supra; *Farmers & Merch. St. Sav. Bank v. Kriegel,* supra. Appropriate at this place in the discussion is the following quotation from *Sheakley v. Mechler,* supra:

"The rights of the mortgagee to the rents under a mortgage pledging the same came into being when the action was commenced."

Said institution of the "action," and not the actual "appointment of the receiver," fixes the time when the individual mortgagee first obtained an interest in the "rents and profits." *Kooistra v. Gibford,* supra; *Young v. Stewart,* supra.

So in this case, appellant having no lien upon or interest in the subject of the legal quarrel, appellee, by its vigilance, was the first to procure such equity and privilege therein as to amount to a paramount title. Having thereby established this priority, it became so well confirmed that the future course of appellant was not sufficient to take away the benefits thereof. To hold otherwise would be declaring a lien in favor of a senior mortgage under circumstances already said not to constitute the same. Through the belated assertion of said legal remedy, ap-

pellant automatically thereby brought down on said "rents and profits" her contractual rights therein, subject to the burden previously placed thereon by appellee. Again, describing the situation in another way, the result, in reversal, would amount to arming her with a weapon she does not have, suggesting the use of it without license, for the purpose of driving the junior incumbrancer from its established position. True, the lien second in time must yield to the first. Yet this doctrine cannot be sound unless there is a "lien." Consistency, in view of the many adjudicated cases, compels us to say there is no "lien" on the "rents and income," because of the record facts. If no right arose except by the "commencement of an action," and none had been taken by appellant, then there was nothing, so far as the particular paragraph of her mortgage under discussion was concerned, which could become a first, to which appellee's instrument must be a second. Protection for the lender of money is easily afforded by adding suitable words similar to and the equivalent of those contained in a chattel mortgage, and then recording the twofold undertaking as an incumbrance both of personalty and realty.

Authorities cited to show error are: 41 Corpus Juris 634; *Howell v. Ripley,* 10 Paige's Ch. (N. Y.) 43; *Goddard v. Clarke,* 81 Neb. 373 (116 N. W. 41) ; *Williamson v. Gerlach,* 41 Ohio St. 682; *Cross v. Will County Nat. Bank,* 177 Ill. 33 (52 N. E. 322) ; *Holland Tr. Co. v. Consolidated Gas & Elec. L. Co.,* 85 Hun (N. Y.) 454 (32 N. Y. Supp. 830) ; *Putnam v. McAllister,* 57 N. Y. Supp. 404; 23 Am. & Eng. Encyc. of Law (2d Ed.) 1031, 1032. These do not control, in the face of the precedent set in this state. Statutory enactments and the theory prevailing in some jurisdictions that a lien exists under the mortgage, and the peculiar facts and circumstances in each case, furnish a ground for distinguishment. Proper phraseology in the later mortgage to the effect that the special privilege here considered is subordinate to a similar prerogative in the former instrument no doubt would change the result, and furnish a criterion by which a court would be guided in entering a judgment and decree. That enabling clause, however, is lacking in appellee's contract, and therefore its absence cannot inure to appellant's benefit. Without such, timely action is necessary. "Equity

aids the vigilant,'' and appellee should not be denied the fruits of its diligence.

Judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.

### Supplemental Opinion.

PER CURIAM.—On rehearing, appellant earnestly argued that the second mortgage was expressly made subject to the first, and therefore the priority of rights to the appointment of a receiver must necessarily be in the senior holder.

We have made special investigation of the exhibits referred to in the abstract of record, and find that the junior incumbrance contained the following reservation only:

''And we [John Donahoe and Rose Ann Donahoe, the mortgagors] do hereby covenant with the said Williamsburg Savings Bank, its successors and assigns [the second mortgagee] that we are lawfully seized of said premises; that the same are free from incumbrance * * * except a mortgage in favor of the Midland Mortgage Company [first mortgagee] * * *.''

Manifestly, the only subjection relates to ''incumbrance'' on real estate, but not on the rents and profits. As has been previously and many times held by this court, the right to a receivership in the premises is not ''a lien or incumbrance'' on the ''rents and profits,'' including those arising under an existing lease, even though extending into the future, until application therefor in the foreclosure proceeding. See *Keokuk Tr. Co. v. Campbell,* 205 Iowa 414. Such language in the reservation clause above set forth is not appropriate or sufficient to make the second instrument inferior to the first in the matter of the right to a ''receiver'' to collect and take charge of such personalty; however, it is true that fit and comprehensive expressions would accomplish that result; yet the words here employed were not intended to, nor did they, bring about this condition of priority.

Decision in this case is not made whether or not a different proposition might be offered for solution, were the question here argued one embracing the higher right of the appellant to oust

the mortgagee and take possession of the premises under the mortgage and manage the land for the purpose of reducing the secured indebtedness. This proposition is not submitted, under the record as presented to us, and we do not, therefore, consider it. Appellant, in stating the nature of the action, defense, and issues, and then finally in making her discussion, confines the scope of the present investigation to the right of a receiver for the collection of rents and profits.

The appellant's petition for rehearing is overruled.