Keokuk Trust Company, Appellant, v. Charles F. Campbell et al., Appellees.

November 15, 1927.

Rehearing Denied February 17, 1928.

*Grant L. Hayes* and *J. O. Boyd*, for appellant.

*Spence & Beard, Lewis & Lewis, Musmaker & Musmaker*, and *Frank F. Fuller*, for appellees.

Morling, J.—The controversy is over the right to the rents under a lease made and assigned before the foreclosure suit was begun, though for a term commencing after suit begun. Plaintiff's mortgage was filed for record April 2, 1923. It pledged the right of possession during the period for redemption, and provided for the appointment of a receiver, with power to take immediate possession of the land and the crops. The record does not show clearly when the default occurred, though we assume it was October 1, 1926. Suit for foreclosure was begun November 1, 1926. Preceding the commencement of the foreclosure, viz., October 16, 1926, the mortgagor sold the mortgaged premises to Williamson. Williamson did not assume the mortgage debt. On the same date, October 16, 1926, Williamson made a lease to Baker for the term of one year, beginning March 1, 1927. Baker gave to Williamson his promissory note for the rent, the date of maturity of which does not appear. Williamson immediately sold the lease and note to the Greenfield Savings Bank, receiving therefor a certificate of deposit payable to his father. Williamson was merely a speculator. He gave to the mortgagor for the mortgaged premises a tract of Montana land, the value of which neither of them professes to know. William-

son was fully informed about the mortgage and its liability. He had bought a number of mortgaged farms and dealt with them the same way. Decree of foreclosure was rendered February 5, 1927, and the hearing on the receivership continued to March 23, 1927, after the foreclosure sale, which was held on March 5, 1927, and which resulted in a deficiency. The lessee, Baker, took possession the latter part of January, 1927. Williamson, Baker, and the Greenfield Savings Bank, as well as the original mortgagor, are made defendants. The Greenfield Savings Bank is before the court merely in the capacity of assignee of the lease and note, and not as a holder in due course of negotiable paper. The grounds alleged for the appointment of a receiver are the right thereto given in the mortgage and the judgment, and waste. The claim of waste is based on the general run-down condition of the premises, and is not sustained. Plaintiff relies principally upon the provision of this mortgage pledging the right of possession during the year for redemption, and authorizing the appointment of a receiver to take possession and collect the rents and profits. The mortgage conveyed no title. It merely created a lien. The only method of foreclosure in Iowa is by suit in equity. A pledge of the right of possession is, in substance, a pledge of the rents and profits. *Walters v. Graham*, 190 Iowa 481. A pledge of the right of possession confers upon the mortgagee no greater rights than a pledge of the rents and profits. The pledge of the rents and profits contained in the mortgage does not come into operation as a lien— a lien because thereof ''does not arise until action has been commenced to enforce collection of the debt.'' *First Nat. Bank v. Security Tr. & Sav. Bank*, 191 Iowa 842; *Hatcher v. Forbes*, 202 Iowa 64. Knowledge of the existence and contents of the mortgage acquired by a purchaser or assignee of the lease and of the rents and profits before he makes his purchase, and before the commencement of action to foreclose, does not affect him with notice of a lien thereon, for the simple reason that, before the suit to foreclose is commenced, the mortgagee, notwithstanding these provisions of the mortgage, has no lien upon the rents and profits. Up to the time suit is begun, the mortgagor is at liberty to lease the premises and to sell his right to the rents. Up to that time, the mortgagee, so far as the rents and profits are concerned, is merely a general creditor, without lien on them. The

case presented here is not one of conveyance of the mortgagor's property in the rents alleged to have been made with intent to defraud creditors.

Of course, the mortgagor, or his grantee, has not the power, as against the purchaser at foreclosure sale, to make a lease extending beyond the period for redemption, which would be valid as against such purchaser, or which would, as against him, operate to convey the rents and profits accruing after such expiration. In the case before us, the leasehold expires before the right of redemption expires. The contract of sale between the mortgagor and Williamson, the contract of lease between Williamson and Baker, the contract of assignment between Williamson and the Greenfield Savings Bank, and the title of the Greenfield Savings Bank to the lease and note representing the rent, are valid, as between the parties, and are valid as against the plaintiff, because plaintiff had no lien hostile thereto at the time they were made and the rents involved in them assigned. *Cooper v. Marsh*, 201 Iowa 1262; *Kooistra v. Gibford*, 201 Iowa 275; *Hatcher v. Forbes*, 202 Iowa 64; *Sheakley v. Mechler*, 199 Iowa 1390; *Young v. Stewart*, 201 Iowa 301; *Goldstein v. Mundon*, 202 Iowa 381; *Haning v. Dunlop*, 203 Iowa 48, and cases cited.—*Affirmed*.

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.