J. H. Soehren, Trustee, Appellant, v. George Hein et al., Appellees; Sunbury Savings Bank of Sunbury, Appellant.

No. 41059.

June 24, 1932.

Donnelly, Lynch, Anderson & Lynch, and F. J. Casterline & Son, for appellants.

Ruymann & Ruymann, for appellees, excepting Charles M. Harmsen and Clara Harmsen.

Hamiel & Mather, for appellees Charles M. Harmsen and Clara Harmsen.

DE GRAFF, J.—The real estate mortgage in question covered two parcels of land aggregating 240 acres, of which 160 acres were situated in. Cedar County, Iowa, and 80 acres in Scott County, Iowa.

It is conceded that a special execution issued and that on October 25, 1930, the amount then due on the first, or plaintiff's, mortgage was $33,931.15 and that the sale produced $31,500, leaving a deficiency judgment in favor of plaintiff against the defendant George Hein, mortgagor, in the sum of $2,431.15, with interest thereon from October 25, 1930, at the rate of 7%, which judgment is still unpaid.

It is further conceded that the receiver, who was appointed by the district Court under and by virtue of an order entered on September 22, 1930, took charge of the involved premises and has collected, as rentals, for the year of redemption ending March 1, 1931, the sum of $2,520.

The petition of the plaintiff in foreclosure contained a prayer "that a receiver be appointed to collect and care for the rents and profits in accordance with the terms of the mortgage." The petition was filed April 19, 1930.

The legal quarrel as to the rents in the possession of the instant receiver is between defendant-appellee Henry Hein, Trustee, and the plaintiff-appellant J. H. Soehren, Trustee, and the defendant-appellant Sunbury Bank, and was submitted as a voluntary issue.

The trial court in its supplemental decree dated April 4, 1931, found and determined that the rents in the hands of the receiver, reserved for ruling thereon in the original foreclosure

decree, should be awarded to the defendant Henry Hein, Trustee, under his trust deed, and entered judgment accordingly, to which "all parties except".

It may be well to identify the parties concerned in this appeal. The plaintiff-appellant, J. H. Soehren, Trustee, was the assignee of one Ficke, who was the original mortgagee under the mortgage in suit. The defendant-appellee George Hein and wife Zora E. are the mortgagors in this foreclosure action.

At the threshold of this opinion it may be recited that the pledge of rents in question was not indexed in the chattel mortgage record by the plaintiff-appellant, although the real estate mortgage on the 240 acres was filed and recorded—160 acres situated in Cedar County on February 11, 1927, and the 80 acres in Scott County, February 4, 1927. The plaintiff-appellant's mortgage covering the 240 acres recites in the granting clause thereof: "To have and to hold the premises above described, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues, products, and profits thereof, unto the second party (mortgagee) his heirs and assigns forever." The said mortgage is signed by George Hein and Zora E. Hein, husband and wife, and dated February 4, 1927.

The defendant and appellant Sunbury Savings Bank of Sunbury, Iowa, appeared by answer and cross-petition filed June 2, 1930, in which cross-petition the Sunbury bank claims the rentals and prayed for a decree of foreclosure of its mortgage and asked for the appointment of a receiver. The Sunbury mortgage was executed by George Hein and wife Zora E., according to the tenor of three promissory notes. This mortgage was executed on March 27, 1929.

The intent and content of the Sunbury Savings Bank mortgage covers the 240 acres in question, and was duly filed and recorded as to the 160 acres of Cedar County land on March 28, 1929, and as to the 80 acres of Scott County land on April 5, 1929. This mortgage, in the granting clause thereof, contains the following language as to the rents and profits: "Hereby sell and convey unto the Sunbury Savings Bank, Sunbury, Iowa, a corporation, party of the second part, the following described premises in Cedar and Scott Counties, together with the rents and profits, issues, income, and use thereof from this date until

this mortgage is fully paid.'' This mortgage also contains a complete receivership clause, and it is important to note that the mortgage was also indexed as a chattel mortgage in Cedar County, Iowa, on March 28, 1929, but it is conceded of record that the mortgage on the 80 acres in Scott County was not indexed as a chattel mortgage in Scott County.

The defendants Henry Hein and wife, Gus Hein and wife, and Julius Hein and wife are the beneficiaries named in a trust deed executed by George Hein and wife on February 28, 1930, which was subsequent to the filing of plaintiff-appellant's mortgage.

We now examine the material recitals of the trust deed of George Hein and Zora Hein, his wife, which was executed to Henry Hein, as trustee, on February 28, 1930. This trust deed, as to the real estate, may be viewed as an equitable mortgage, and it recites in substance that Henry Hein has endorsed a note for the undersigned, George Hein, payable at a described bank for a specified sum of money, that Gus Hein has endorsed a note for the undersigned George Hein, payable at a certain bank and for a specified sum, and that Julius Hein has endorsed a note for the undersigned George Hein, payable at a certain bank and for a specified sum of money. The Hein mortgage further recites:

''And whereas, the said George Hein is desirous to secure the said Henry Hein, Gus Hein and Julius Hein on their liability as such endorsers by conveying the real estate hereinafter described to Henry Hein, in trust, for the benefit of said Henry Hein, Gus Hein, and Julius Hein; there is, therefore, hereby sold and conveyed to the said Henry Hein, as trustee, the following described real estate (here follows a description of the 240 acres involved). The said trustee is to have the right and authority to take possession of said real estate, to rent the same and collect rents.''

This mortgage or trust deed then specifies that such rents shall be applied on the interest payable on said notes and on the principal of said notes until the liability of the said endorsers is equal, and that thereafter equal payments are to be made. It further provides that the trust can be cancelled on the written request of the said endorsers and George Hein, and in such event the real estate is to be reconveyed by Henry Hein, Trustee, to George Hein.

1064

The question arises as to when a lien first arose, if at all, in favor of Soehren, trustee, upon the rents and profits. As against parties not subsequent purchasers for value and without notice, a lien was created upon the rents and profits in favor of Soehren, trustee, at the date of the execution of his mortgage. This is because the language of his mortgage, as herein quoted, was sufficient to constitute a chattel mortgage, if segregated from the other portions of the instrument. See Farmers Tr. & Sav. Bank v. Miller, 203 Iowa 1380. It will be noted that the second mortgagee, Sunbury Savings Bank, was a subsequent purchaser for value without notice and was not subordinated to such prior lien.

The plaintiff-appellant Soehren, trustee, contends that he is entitled to the rents under and by virtue of his mortgage dated February 4, 1927, and signed by George Hein and wife Zora covering the real estate, to wit, 240 acres in Cedar and Scott Counties respectively. As heretofore stated, the granting clause of plaintiff's mortgage pledged the rents, profits, etc., of the land in question, but said mortgage was not indexed as a chattel mortgage in either county.

We now approach the question as to what rights Hein, Trustee, acquired under and by virtue of his trust deed. As pointed out, in the trust deed or mortgage that was given by George Hein, to Henry Hein, Trustee, to secure the payment of some pre-existing indebtedness, the trustee was given authority to take possession of the real estate, to rent the same, and collect the rents, and the trustee was directed to apply such rents toward the payment of said pre-existing indebtedness. It is apparent that Hein, Trustee, acquired no greater rights under this instrument than George Hein, the title holder, had. Hein, Trustee, is not an existing creditor, nor is he a subsequent purchaser under Section 10015, Code 1927. The record discloses that Hein, trustee, filed cross petition, but did not pray for a receiver. The record does not show that Hein, trustee, indexed his trust deed or mortgage as a chattel mortgage. A creditor who does not secure a levy by attachment or execution, before notice of an unrecorded mortgage, is not protected under Code Section 10015, and one who acquires a pledge as security for a pre-existing indebtedness is not a subsequent purchaser within the meaning of that section. Martin v. Fritz, 194 Iowa 740.

■ We now turn to the claim of the Sunbury Savings Bank under its mortgage. The said bank, as a party defendant and appellant here, filed its cross-petition claiming the rents in question under a mortgage executed March 27, 1929, by George Hein, as title holder, to the real estate in question. The granting clause therein recites: "Hereby sell and convey unto the Sunbury Savings Bank the premises * * * together with the rents and profits, issues, income and use thereof from this date until this mortgage is fully paid." This language, it may be observed, is substantially identical with that found in Farmers Tr. & Sav. Bank v. Miller, 203 Iowa 1380.

The record in the case at bar discloses that the Sunbury mortgage was recorded in both Cedar and Scott Counties, and a concession is found of record, to wit: "It is conceded that the mortgage held by the Sunbury Savings Bank was not indexed as a chattel mortgage in the records of Scott County, Iowa," but it was indexed as a chattel mortgage in Cedar County, which covered the rentals of the 160 acres situated in Cedar County. It follows, therefore, that since the Sunbury mortgage as to the 160 acres in Cedar County was indexed as a chattel mortgage, a lien was thereby created on the Cedar County land as to the rents therefrom, to wit, $1250, in the hands of the receiver. As between Soehren, trustee, and the Sunbury Bank the question of priority as to the rents from the Scott County 80 acres, to wit, $1000, arises. Although the Soehren mortgage was prior in date, it was never indexed as a chattel mortgage, and it therefore follows that as between the two appellants, the Sunbury Bank, as subsequent purchaser for value, has a lien on the rents and profits prior to that of Soehren, trustee.

We conclude, therefore, that the trial court was in error in awarding to Hein, trustee, the rentals in question, and that said rentals should have been awarded to the cross-petitioner, the appellant Sunbury Bank.—Reversed.

WAGNER, C. J., and KINDIG, FAVILLE, and ALBERT, JJ., concur.