W. E. BAIN, Appellee, v. GAY WASHBURN et al., Appellees; EQUITABLE LIFE INSURANCE COMPANY OF IOWA et al., Interveners, Appellants.

No. 41444.

JUNE 24, 1932.

R. J. O'Brien and A. C. McGill, for appellants.

John L. Cherny, for appellee.

STEVENS, J.—The case was tried below and comes to this court upon an agreed statement of facts. From the stipulation entered into by the parties it appears that during the year 1925 Charles G. Copeland and wife executed a mortgage upon 120 acres of land in Buchanan County to the appellant Equitable Life Insurance Company to secure the payment of a loan of

$9000. Action was commenced upon the notes and to foreclose the mortgage in favor of appellant July 17, 1930. On or about May 9, 1930, the mortgagors conveyed the mortgaged premises to S. D. Uhl and also assigned to him a lease which had been previously made by said grantors to the Washburns. On or about May 27, 1930, Uhl sold and assigned the lease for a valuable consideration to the appellee W. E. Bain. The Uhls and Gay Washburn, the tenant, were made parties to the foreclosure action. Appellee Bain, who had no knowledge of the foreclosure action and whose claims were unknown to appellant, was not made a party to such action, nor did he intervene therein. Judgment and decree of foreclosure was entered October 3, 1930, which was followed in due course by a sheriff's sale. George Risk, appellant, was appointed receiver and qualified as such on October 13, 1930. The tenant, by agreement of the parties, paid the rent for 1930, which is the subject of this controversy, into court to be there dealt with according to law. Upon his appointment as receiver, Risk notified the tenant that the rent should be paid to him. The decree appointing the receiver provided as follows:

"It is further adjudged and decreed that George Risk is appointed receiver to take charge of said premises during the year's period of redemption, rent said premises, make repairs, pay taxes and do such other things as the court may direct."

The right of redemption in favor of the debtor did not commence to run until the date of the sheriff's sale. Section 11774, Code, 1931. At least four weeks' notice of the time and place of the sale of the mortgaged premises was required to be given to the debtors by the sheriff. The period of redemption did not, therefore, commence to run until some time after November 3d. At this time the crops were either harvested or had quite fully matured. There was no eviction by the decree of the tenant in possession of the premises during the cropping season of 1930, actual or constructive. The decree which authorized the receiver to take possession and rent the premises during the period of redemption clearly did not contemplate that a legal eviction should at once follow the entry of the decree in the foreclosure action. A lease of real estate for cropping purposes contemplates the planting, cultivation and harvesting of

the crops. The assignment of the lease by the lessee to appellee antedated the commencement of the foreclosure action several months. The tenant remained undisturbed in possession of the premises leased to him by the mortgagor. The right of the receiver to lease the premises after the commencement of the period of redemption is not controverted. The decree is clear, definite and certain, and whatever may have been the full right of the mortgagee if in any respect otherwise, the limitation fixed by the decree is conclusive and binding on all of the parties thereto.

The case is similar to King v. Good, 205 Iowa 1203, and differs materially from the principles involved and controlling the decision of each of the numerous cases cited by appellant. An effort was made in Equitable Life Insurance Company v. Leaven, 214 Iowa 121, to distinguish the cases relied upon by appellant and King v. Good and similar cases. Further discussion is unnecessary.

Decree was properly entered in favor of the appellee and it is affirmed.—Affirmed.

WAGNER, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.