L. A. ANDREW, State Superintendent of Banking, Appellee, v. HOME SAVINGS BANK OF KIRON, Defendant; UNION SAVINGS BANK & TRUST COMPANY OF DAVENPORT, Executor, et al., Interveners, Appellants.

No. 41580.

DECEMBER 13, 1932.

Page & Norelius, for appellee.

Powers & Gilchrist, for appellants.

KINDIG, J.—This litigation involves a dispute over the 1930 rents on certain real estate in Crawford County. The dispute is between the appellee, L. A. Andrew, Superintendent of Banking of the State of Iowa, as the receiver of the Kiron Home Savings Bank, on the one hand, and, on the other, the appellants Union Savings Bank & Trust Company, of Davenport, Iowa, executor of the estate of Hattie M. DeLescaille, and M. L. Runge, receiver under a real estate mortgage.

On May 19, 1929, L. A. Andrew, the State Superintendent of Banking, was appointed receiver for the defunct Home Savings Bank, of Kiron, Iowa. Among the assets of the insolvent Home Savings Bank thus taken over by the Superintendent of Banking was the farm in question. When this farm came into the hands of the Superintendent of Banking, it was encumbered by a first mortgage of $16,000 held by Hattie M. DeLescaille. That mortgage pledged to the mortgagee, Hattie M. DeLescaille, the rents, issues, and profits of the real estate and provided for a receiver, in case the mortgage was foreclosed, for the purpose of collecting such rents, issues, and profits.

Thereafter, on January 22, 1930, the Superintendent of Bank-

ing, as the bank receiver, through his examiner in charge, rented the land for the year commencing March 1, 1930, to a tenant named Axel Skarin. The rental named in the lease was $1,000, payable in advance. Accordingly, the tenant paid the Superintendent of Banking $1,000 as rental for the farm on January 22, 1930. Thereupon, the tenant took possession of the land and retained such possession during the entire rental period of one year. After the term of the lease had commenced, Hattie M. DeLescaille, the holder of the $16,-000 real estate mortgage, started an action on March 28, 1930, to foreclose such mortgage. In her petition filed in that action, Hattie M. DeLescaille asked for the appointment of a receiver to collect the rents, issues, and profits, as provided in the real estate mortgage. Then, on May 31, 1930, a decree was entered in the foreclosure action foreclosing the mortgage, but continuing the receivership proceedings thereunder.

A foreclosure sale was held thereafter on July 7, 1930, and the mortgaged real estate duly sold thereunder. At this sale, however, the real estate did not sell for enough to satisfy the judgment entered in the foreclosure proceedings. As a matter of fact, the deficiency was $1,616.13. Consequently, in accordance with the previous order of continuance, Hattie M. DeLescaille, the plaintiff in the foreclosure proceedings, brought on for hearing her application for the appointment of a receiver to collect the rents, issues, and profits for the years 1930 and 1931, or until the period of redemption expired.

During these proceedings, Hattie M. DeLescaille died, and the appellant Union Savings Bank & Trust Company, of Davenport, was duly appointed the executor of her estate. So the executor, in due time, was substituted as the party plaintiff in the proceedings. Following the hearing in the receivership proceedings under the mortgage, the appellant M. L. Runge, on September 13, 1930, was appointed receiver. Although the appellant Runge was thus appointed receiver, he did not take possession of the mortgaged premises or oust the tenant placed thereon by the Superintendent of Banking. Moreover, the appellant Runge, as receiver under the mortgage, did not make a new lease with the tenant on the aforesaid land for the year 1930. By making this suggestion, we do not decide or indicate that Runge had the power to make such lease.

Previous to the appointment of Runge as receiver under the mortgage, the appellant Union Savings Bank & Trust Company, as executor of the Hattie M. DeLescaille estate, on August 12, 1930,

filed its petition in the receivership proceedings of the Home Savings Bank asking that the Superintendent of Banking account for and turn over to the said appellant the $1,000 in rent collected in advance, as before explained. Subsequent to the appointment of Runge as receiver under the mortgage, he, as such trust officer, joined with the aforesaid appellant executor in making a similar demand on the Superintendent of Banking for said rent. Thereby both appellants, in effect, confirmed the lease made by the Superintendent of Banking in the manner and way aforesaid.

Upon the hearing in the district court thereafter, that tribunal denied the appellant's claim and allowed the appellee Superintendent of Banking to retain the rents. Therefore, the appellants appeal.

It is claimed by the appellants that the judgment of the district court should be reversed for the following reasons: First, because the Superintendent of Banking, through his examiner in charge, when collecting the rent in advance, as before explained, wrongfully deprived the appellants thereof; and, second, because the Superintendent of Banking, through his examiner in charge, lulled the holder of the real estate mortgage to sleep by representations that an attempt was being made to sell the land, and thereby induced her not to commence an earlier foreclosure action.

I. Apparently the money collected as rental in advance by the Superintendent of Banking through his examiner in charge still remains as part of the assets of the bank receivership proceedings. Consequently, the appellants argue that they are entitled to the same because the Superintendent of Banking, through his examiner in charge, wrongfully made the collection in advance, and thereby wrongfully deprived the real estate mortgagee thereof. When collecting the rent in advance, it is said by the appellants that the Superintendent of Banking knew that he would not continue paying either interest or principal on the aforesaid real estate mortgage. So, the appellants conclude that the Superintendent of Banking deliberately collected the rent in advance with the intention of making no further payments on the mortgage indebtedness. The Home Savings Bank, of Kiron, was not obligated personally on the real estate mortgage. That banking institution, previous to the bank receivership proceedings, had taken over the land subject to the real estate mortgage. Hence the Superintendent of Banking as such was not personally obligated to pay the mortgage.

 At this juncture, it is important to understand that the Superintendent of Banking, through his examiner in charge, made the aforesaid lease before the action to foreclose the real estate mortgage was commenced. Then at the time the lease was made, the mortgagee in the real estate mortgage had no lien on or an existing, as distinguished from the prospective, right to the rents, issues, and profits from the real estate. As has been said before many times, the clause in the real estate mortgage under consideration pledging the rents, issues, and profits does not create a lien thereon prior to the foreclosure proceedings, wherein a receiver is asked to collect such rents and profits. Lynch v. Donahoe, 205 Iowa 537.

"We have held definitely that the right of a mortgagee under the receivership proviso of his mortgage to appropriate to the payment of his debt the rents and profits of the mortgaged land, is a right distinct from his judgment lien upon the land itself and is 'additional' to such lien." Union Central Life Insurance Co. v. Eggers, 212 Iowa 1355 (local citation 1363.)

Therefore, at the time the Superintendent of Banking, through his examiner in charge, made the lease in question, Hattie M. De-Lescaille, the mortgagee, had not commenced her foreclosure action and so necessarily had not asked for the appointment of a receiver under the provisions of the mortgage. She, as such mortgagee at the time when the Superintendent of Banking made the lease, had no title to or lien upon the rents, issues, and profits named in the real estate mortgage. Lynch v. Donahoe, (205 Iowa 537), supra. Such right of the mortgagee to the rents, issues, and profits did not arise until the commencement of the foreclosure proceedings wherein a receiver under the real estate mortgage was asked. King v. Good, 205 Iowa 1203; Hakes v. North, 199 Iowa 995; Sheakley v. Mechler, 199 Iowa 1390. We said in Sheakley v. Mechler, supra, reading on page 1396:

"The rights of the mortgagee to the rents under a mortgage pledging the same *came into being* when the action was commenced." (Italics are ours.)

Likewise, we stated in King v. Good, (205 Iowa 1203), supra, on page 1213:

"In the enforcement of this provision (a provision in a real

estate mortgage providing for a receiver to collect the rents and profits) through a receiver, it is to be enforced as against the mortgagor, and to the extent of the *then* existing rights of the mortgagor to such rents and crops." (Italics are ours.)

Again, this court declared in Hakes v. North, (199 Iowa 995), supra, on page 999:

"If, as we have held, the mortgage proviso under consideration created no lien before foreclosure, then it necessarily follows that it could have no retroactive effect after foreclosure. Its operation must be *prospective*, and not *retrospective*." (Italics are ours.)

Consequently, when the Superintendent of Banking made the lease in question and collected the rent in advance, he was exercising his legal right to thus rent the real estate. There is nothing under the law relating to receivership clauses in real estate mortgages which prevented the Superintendent of Banking from exercising that legal right. At the time when the Superintendent of Banking entered into the lease, the aforesaid prospective right of the real estate mortgagee to the rents, issues, and profits had not been made a present lien, right, or interest through the foreclosure of the mortgage and an application for a receiver thereunder. Hence, the Superintendent of Banking at the time the lease was executed had an absolute right, under the circumstances, to dispose of the rents, issues, and profits as he saw fit. When so acting, the Superintendent of Banking may have been prompted by one motive or another. The motive which prompted the Banking Superintendent to exercise his legal right is quite immaterial under the circumstances. He had the right to make the lease. That is all that is important under the existing facts.

Of course, if the rent under the lease made by the Superintendent of Banking for the period in question were still uncollected, the real estate mortgagee, under proper circumstances, might have a superior claim thereto over that of such lessor. As a matter of fact, however, there were no rents, issues, or profits due or to accrue in the future during the year in question on the demised real estate after the commencement of the action to foreclose the real estate mortgage and obtain the appointment of a receiver. To put the thought differently, when the real estate mortgagee changed her prospective right to the rents, issues, and profits into a present right to collect and appropriate any such rents, issues, and profits there might be during the year in question, there were in fact no rents,

issues, or profits due or to accrue for that period. Such rents, issues, and profits for the period in question already had been collected and appropriated by the Superintendent of Banking, as before explained, and therefore did not exist as rents, issues, and profits to be collected and appropriated by the real estate mortgagee.

Therefore the Superintendent of Banking, under the record, has a superior claim to the rents. His tenant remained in possession during the entire period of the lease. It is clear that the receiver under the mortgage did not oust the tenant or make a new lease with him. By so reciting the facts, we do not decide or suggest that such receiver had the power to oust the tenant or make a new lease. Consequently the rent in question arose through the lease made by the Superintendent of Banking, and, according to the stipulation in the abstract, it was agreed by the parties to this litigation that the appointment of the receiver under the real estate mortgage did not adjudicate the question relating to the ownership of the rent.

Under all the circumstances, then, it is apparent that the district court correctly decided the case at this point.

II. But it is maintained by the appellants that regardless of the principle involved in the foregoing discussion, the district court should have found for them because the Superintendent of Banking, through his examiner in charge, lulled the holder of the real estate mortgage to sleep by representations that an attempt was being made to sell the land and thereby induced her not to commence an earlier foreclosure action.

According to letters written by the examiner in charge to the holder of the real estate mortgage, it appears that the former was attempting to effect a sale of the land; but neither the pleadings nor the record sustain the appellants' argument based upon the alleged fraud. No fraud was pleaded on this proposition. Moreover, there is no evidence to sustain the contention. Nowhere does it appear that the foreclosure of the real estate mortgage was delayed because of any representation on the part of the Superintendent of Banking or his examiner in charge. For all that appears in the record, the holder of the real estate mortgage may have entirely disregarded the fact that the examiner in charge was attempting to procure a purchaser for the land. This examiner in charge finally wrote the holder of the real estate mortgage to commence foreclosure proceedings because a purchaser for the land could not be found. In that letter, the examiner in charge notified the holder of the real

estate mortgage of the lease for the real estate covering the year 1930 with the cash payment in advance. Under all circumstances, it is apparent that the appellants have not sustained this claim of fraud.

Wherefore, the judgment and decree of the district court must be, and hereby is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, WAGNER, and MITCHELL, JJ., concur.