First Trust Joint Stock Land Bank of Chicago, Illinois, Appellant, v. James R. Conway et al., Appellees.

No. 41696.

March 14, 1933.

Whitney, Whitney & Stern, for appellant.

E. P. Murray, for appellees LeMars Loan & Trust Co., James R. and Mary Conway.

Kintzinger, J.—On September 21, 1931, appellant commenced foreclosure proceedings, asking a receivership for collection of rents during the redemption period. The mortgage was for

1032

$20,000. Judgment of foreclosure was entered on November 17, 1931, and the receivership application was continued until after the sale. The property sold for $2,500 less than the judgment, leaving a deficiency judgment of $2,500.

Appellees offered evidence to show that, prior to the commencement of the foreclosure proceedings, the main defendant, James R. Conway, mortgagor and owner, leased the property to two of his sons, on or about the 11th day of September, 1931, for a cash rental of $1,500 represented by two notes. This lease and notes were transferred and assigned to appellee LeMars Loan & Trust Company.

The sole question of fact in this case is whether or not the assignment to the LeMars Loan & Trust Company was executed and delivered prior to the commencement of the foreclosure proceedings.

I. The evidence shows that James R. Conway, mortgagor, was indebted to the LeMars Loan & Trust Company for $2,000. This indebtedness was long past due and the appellee was pressing Mr. Conway for payment. After much persuasion, Mr. Conway finally arranged to transfer a lease, on the property in question, executed to his sons, and rent notes securing rents, to appellee for the purpose of having the rents, when collected, credited upon his indebtedness to the bank.

There was some contention that the lease and rent notes were not assigned before the commencement of the foreclosure proceedings. There was, however, no positive evidence supporting this contention. We believe the evidence offered fairly shows that the lease and the rent notes were assigned and transferred to the appellee a few days after September 11, 1931, and before the commencement of the foreclosure proceedings.

II. It is the settled law in this state that a mortgagee has no lien on rents and profits pledged under the mortgage until foreclosure action is commenced. John Hancock Mut. Life Ins. Co. v. Linnan, 205 Iowa 176, 218 N. W. 46; Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399; Hakes v. North, 199 Iowa 995, 203 N. W. 238; Whiteside v. Morris, 197 Iowa 211, 197 N. W. 56; Smith v. Cushatt, 199 Iowa 690, 202 N. W. 548; Hatcher v. Forbes, 202 Iowa 64, 209 N. W. 305; Louis v. Hansen, 205 Iowa 1216, 219 N. W. 523.

As the evidence shows that the lease and rent notes were assigned to appellee before the proceedings were commenced, appellee's rights thereunder are superior to mortgagee's.

■ III. It is suggested by appellant that the assignment to the LeMars Loan & Trust Company was not in good faith, and without consideration. The facts show that the defendant James R. Conway was indebted to appellee and that the lease and rent notes were assigned and transferred to appellee for the purpose of having the same applied upon J. R. Conway's indebtedness to the appellee. It cannot be claimed that the effort on the part of the appellee to secure its claim against Mr. Conway was in bad faith or constituted fraud. There was no evidence of fraud or want of consideration shown.

"The securing of a pre-existing debt furnishes a valuable consideration for an assignment." 9 Cyc. 91; 27 C. J. 534; Dickinson v. Davis, 171 Iowa 29, 153 N. W. 203.

The lower court found that the rights of the LeMars Loan & Trust Company, appellee, to the rents for the year 1932 were superior to the rights of appellant under its mortgage, and the application for a receivership for collection of the rents was denied.

We also find, from the evidence offered, that the LeMars Loan & Trust Company, appellee, was entitled to the rents of 1932 under an assignment of the lease and rent notes executed prior to the commencement of these proceedings.

The judgment of the lower court is, therefore, affirmed.— Affirmed.

All Justices concur.