C. A. Owen, Jr., Appellant, v. Fred J. Fink et al., Appellees;
Clyde E. Jones, Trustee, Intervenor, Appellee.

No. 42396.

June 23, 1934.

Roberts & Roberts, for appellant.

Jones & White, for intervenor-appellee.

George F. Heindel, for defendant-appellees.

Stevens, J.—This is an action to foreclose a mortgage upon real property. Joined therewith is a prayer for the establishment of a lien upon the crops, rents, and income from the mortgaged premises for the year 1933 and for the foreclosure thereof as a chattel mortgage. The real estate mortgage contains a clause by which the mortgagor pledges "all the rents, issues, profits and income of the mortgaged premises to the payment of the debt secured

hereby." The mortgage also contains a provision for the appointment of a receiver in the event of default and foreclosure thereof. Clyde E. Jones, as assignee of the lease for the mortgaged premises executed by the mortgagor to Charlie and Harry Fink prior to the commencement of this action for the year 1933, intervened, asserting a right prior and senior to that of appellant to the chattel property and praying the dismissal of the petition in so far as same asks a lien upon the rents, etc. Only the issues presented by the petition in intervention are involved on this appeal. Reduced to its proper terms, the question is one of the interpretation of the clause of the mortgage quoted above. Each and all of the propositions presented for review are ruled by prior decisions of this court. Similar provisions of real estate mortgages have frequently been considered and interpreted in our recent decisions. It must be deemed as the settled law of this state that, where the rents, issues, and profits arising from the mortgaged premises are merely pledged as security for the payment of the mortgage debt, the mortgage does not attach thereto until default and an action to foreclose the same has been commenced and the appointment of a receiver prayed. First Trust Joint Stock Land Bank v. Conway, 215 Iowa 1031, 247 N. W. 253; First Trust Joint Stock Land Bank v. Cuthbert, 215 Iowa 718, 246 N. W. 810; Andrew v. Home Savings Bank, 215 Iowa 401, 246 N. W. 48; First Trust Joint Stock Land Bank v. Stevenson, 215 Iowa 1114, 245 N. W. 434; Bain v. Washburn, 214 Iowa 609, 243 N. W. 286; John Hancock Mutual Life Ins. Co. v. Linnan, 205 Iowa 176, 218 N. W. 46; Lynch v. Donahoe, 205 Iowa 537, 215 N. W. 736, 218 N. W. 144; Keokuk Trust Co. v. Campbell, 205 Iowa 414, 215 N. W. 960; Hatcher v. Forbes, 202 Iowa 64, 209 N. W. 305; Cooper v. Marsh, 201 Iowa 1262, 207 N. W. 403; Hakes v. North, 199 Iowa 995, 203 N. W. 238; Whiteside v. Morris, 197 Iowa 211, 197 N. W. 56.

It is equally well settled that a bona fide chattel mortgage clause which confers a lien upon the rents, issues, and profits of the mortgaged premises may be embraced in a mortgage on real property, and, when so joined, will be given effect as such. Soehren v. Hein, 214 Iowa 1060, 243 N. W. 330; Farmers Trust & Sav. Bank v. Miller, 203 Iowa 1380, 214 N. W. 546; Equitable Life Ins. Co. v. Read, 215 Iowa 700, 246 N. W. 779; Capital City State Bank v. Riser, 215 Iowa 680, 246 N. W. 763.

The distinction to be observed in the two lines of cases is clear

and easy of statement. A mere pledge of the rents and profits as security for the payment of the mortgage indebtedness standing alone, remote from the granting clause, is lacking in some of the essentials of a chattel mortgage. There is in such case no grant or conveyance of the property, but a mere pledge thereof, which is to be given effect in the event of default, foreclosure, and the appointment of a receiver.

It will be observed that, in each of the cases last cited above, the clause as to rents, issues, and profits follow immediately the description of the real property and are a part of the granting clause of the instrument. In such case, all the essentials of a chattel mortgage are present. It is immaterial in this connection that the lien of the chattel provision of the mortgage does not immediately attach to the rents, income, etc. Until the property comes into existence, the lien is referred to in some of our cases as potential. The clause of the mortgage relied upon by appellant is not included in the granting clause following the description of the real property, but is remote therefrom, and amounts only to a mere pledge of the property as security.

The distinction here pointed out will be found to have been strictly observed in all of our prior cases. Perhaps other language and terms might be used in a real estate mortgage which would be interpreted and given effect as a chattel mortgage. The assumed situation has not, however, arisen in any of our cases. Appellant acquired no lien in the present case upon the rents, issues, and profits of the mortgaged premises until a date subsequent to the execution of the lease by the mortgagor and its assignment to intervenor. It is not claimed in the evidence that either the lease or the assignment was not executed in good faith and not for a valid consideration.

Appellant is, apparently, of the view that this court in Equitable Life Ins. Co. v. Read, supra, has, to some extent, departed from the doctrine of the prior cases. In this appellant is in error. On the contrary, the holding in the Read case aptly illustrates the distinction between the two lines of decision. The crop involved in Equitable Life Ins. Co. v. Read, supra, was one grown in 1932. This date is important. Henry Read, the owner of the mortgaged premises, on April 6, 1928, executed a mortgage thereon to secure an indebtedness to the insurance company and on the 14th of the same month a second mortgage to one Oviatt. On July 24, 1931, Oviatt

commenced an action in the district court of Page county to fore-close the mortgage held by him by the terms of which the rents were pledged for the payment of the mortgage indebtedness. Both mortgages contained receivership clauses. Following the commence-ment of this action, and on August 15th, the insurance company com-menced an action to foreclose its prior mortgage. At the time the foregoing actions were commenced, the crops to be grown in 1932 had, of course, not yet come into existence. The mortgage of the insurance company conveyed, not only the real estate, but also, in a clause immediately following the description thereof, the rents, issues, profits, and income therefrom until the debt was fully paid. This instrument was filed and indexed as a chattel mortgage on the date of its execution. It will thus be seen that, under one line of the cases cited, the insurance company held a chattel mortgage upon the crops, income, etc., during the life of the mortgage. As a matter of course, the same could not become a lien upon the crops here involved until they should come into existence in the future. Assuming the accuracy of the conclusion announced in this case, the lien or contract right of Oviatt, under the pledge of the rents, was subject to the same manifest infirmity. The court applied the general equitable doctrine that, where equities are equal, the one having priority in point of time shall prevail. Thus a prior lien was established in favor of the insurance company. The mortgagor had a perfect right to lease the premises on the date named and to assign the lease in good faith for a valid consideration as security for a *bona fide* indebtedness. By these transactions, intervenor acquired an interest in the property in controversy prior and senior to that of appellant. This conclusion is also in harmony with the prior de-cisions of this court. McMaster v. Emerson, 109 Iowa 284, 80 N. W. 389; Louis v. Hansen, 205 Iowa 1216, 219 N. W. 523; Farmers Tr. & Sav. Bank v. Miller, 203 Iowa 1380, 214 N. W. 546.

Further discussion of the points involved is unnecessary. It follows that the judgment and decree below must be, and it is, af-firmed.—Affirmed.

All Justices concur.