HENRY L. SCHLESSELMAN, Appellee, v. C. P. MARTIN et al., Appellants.

MARCH 5, 1929.

*Swift, Swift & Elsenbast,* for appellant.

*James P. Gaffney* and *Wallace & Claypool,* for appellee.

EVANS, J.—Plaintiff's mortgage was executed in May, 1924, by C. P. Martin and wife, as mortgagors. In October, 1924, Martin conveyed to the Parnell Savings Bank, subject to the mortgage. Martin was the cashier of the Parnell Savings Bank at the time he took title and at the time he conveyed the same. It is contended that Martin held the title as a mere trustee for the bank. The plaintiff brought his foreclosure suit on June 13, 1927. In April, 1927, L. A. Andrew, as superintendent of bank-

ing, had instituted a proceeding in the same court against the Parnell Savings Bank, alleging its insolvency, and praying that he be appointed receiver thereof. Decree was entered in such proceeding on April 14, 1927. Pursuant to such decree, the said receiver, L. A. Andrew, took possession of all the assets of the insolvent, and proceeded to liquidate the same. At the time of such appointment as receiver, Hahn was in possession of the land, as renter thereof, for money rent. The lease passed to the receiver by virtue of his appointment. The rent notes also passed to his possession. These are dated December 1, 1926. These were drawn to the Parnell Savings Bank, as payee. There is some dispute in the record as to whether these notes were in existence at the time of the receivership, or whether they were notes taken by the receiver after the receivership was instituted. In our view of the case, the dispute is not material. The cause of action for rent did pass to the receiver, whether it rested in parol or in writing.

Upon these facts, the question is, Which party has the prior claim upon the rents and profits?

The argument for appellee is that the Parnell Savings Bank stood in the shoes of Martin; that the bank did orally assume the mortgage when it took conveyance from Martin; that the right of the receiver can rise to no higher level than that of the bank; that, therefore, the rights of the plaintiff are precisely the same as they would have been if Martin had continued as owner of the premises.

If Martin had continued as owner of the premises, he could have transferred the lease and the rents, whether in the form of notes or not, to any purchaser. Such purchaser, under our repeated holdings, would take priority over the receivership clause of the mortgage later foreclosed. The differentiation which appellee would make at this point is that the receiver is not a purchaser, but is simply a representative of the insolvent debtor himself.

The receiver is something more than the representative of the debtor. He is the representative also of the creditors. Indeed, he is primarily such. He may assert, as against the debtor and those claiming under him, any right which the creditors themselves could have asserted. We think his position is necessarily analogous to that of a creditor who had taken the rent notes

either as payment or security of a debt. In such a case, the subsequent right accruing to the mortgagee to assert a lien under his receivership clause will not relate back so as to defeat the creditor, who already has a lien upon the subject-matter. Our recent case of *Lynch v. Donahoe,* 205 Iowa 537, is quite conclusive on this point. In that case, we allowed a second mortgagee to take priority over a first mortgagee as to the rents and profits, because he asserted and acquired his lien first. This is the logical result of our holding that the receivership clause is merely remedial, and that it is not a present lien upon the crops or rents, but becomes such only as a part of the remedy in event of foreclosure. If Martin or the Parnell Savings Bank had rented this land to Andrew for the redemption period, he could have held it by right superior to the claim of the mortgagee. If Andrew, as-such lessee, had sublet the farm to Hahn for an agreed rental, he could have held such rental.

The necessary effect of the receivership was to convey to the receiver all the property of the bank of whatever kind, subject only to plaintiff's lien. Whatever rights the receiver acquired by such transfer, on April 14, 1927, may not be defeated by the assertion of a later lien under the receivership clause. The plaintiff had no lien on the rents and profits at the time of such transfer.

This proposition is not affected by the fact that the receiver took subject to the mortgage. In the *Lynch* case, the second mortgage was subject to the first one. Nevertheless, the mortgagee was permitted to retain the lien which he acquired by his prior proceeding.

Some argument is devoted by appellee to the question of waste and repair. He claims to have shown that the property was suffering waste, and was needful of repairs, and that the taxes were delinquent. We think the question cuts no figure in the case. The plaintiff applied for a receiver under the terms of his mortgage, for the purpose of satisfying a deficiency judgment. The appointment was made upon that very ground, and upon none other. If the order below were affirmed, the appellee could not devote the proceeds to the repair and improvement of the land. He had already put his reduced bid upon it. He necessarily took it as it was. He is presumed to have made his bid on that basis.

We reach the conclusion that the appellant stands in the position of a creditor who has taken an assignment of these rents and profits for the security of his debt.

The judgment below must, accordingly, be—*Reversed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.