METROPOLITAN LIFE INSURANCE COMPANY, Appellee, v. F. B. SHELDON et al., Defendants; L. A. ANDREW, Superintendent of Banking, Receiver, Appellant.

No. 41682.

MARCH 7, 1933.

Nagle & Hill, for appellant.

Burt J. Thompson, and Tinley, Mitchell, Ross & Mitchell, for appellee.

Evans, J.—The State Savings Bank of Rowan was at all times since November, 1924, the real owner of the mortgaged farm. It conveyed the farm temporarily to Sheldon, one of its officials, for the purpose of negotiating the mortgage now in controversy. Sheldon negotiated the mortgage and conveyed back the land. When the mortgage became due, the land was again conveyed to Sheldon for the purpose of obtaining an extension. He obtained such extension and conveyed the land back, first by a deed that was afterwards lost, and later by another deed to make good the loss. There is some controversy between the parties as to whether the farm should be deemed as the property of the bank or as the property of Sheldon. The plaintiff stands for the latter contention. The plaintiff has the undoubted right to make its contention if it were material. Upon this record we do not deem it material, and we will treat the property as that of the savings bank, which in reality it was. The contest is not between the savings bank and the plaintiff, nor between Sheldon and the plaintiff; but is between the plaintiff and Andrew, superin-tendent of banking and receiver of the State Savings Bank of Rowan. The receiver took charge of the insolvent bank in the summer of 1931. The assets taken by him included the mortgaged farm. On September 20, 1931, he leased it to Draves for the period of one year beginning March 1, 1932. He claims that he is entitled to hold such lease and to take the fruits thereof as the superintendent of banking and as the statutory receiver holding the property for the benefit of creditors of the insolvent bank. The plaintiff contests the claim. The question turns on the relation which the receiver must be deemed to sustain toward the creditors of the insolvent bank. That question has been determined adversely to the claim of the appellant by the majority opinion in Northwestern Mutual Life Insurance Co. v. Gross, 215 Iowa 963, 247 N. W. 286.

Pursuant to that holding, the order of the district court is accordingly affirmed.—Affirmed.

KINDIG, C. J., and STEVENS, ALBERT, DONEGAN, and UTTERBACK, JJ., concur.