METROPOLITAN LIFE INSURANCE COMPANY, Appellee, v. HAL E. SMITH et al., Defendants; L. A. ANDREW, Superintendent of Banking, Receiver, Appellant.

No. 41654.

MARCH 14, 1933.

Nagle & Hill, for appellant.

Burt J. Thompson and Tinley, Mitchell, Ross & Mitchell, for appellee.

KINTZINGER, J.—In February, 1926, H. E. Smith and others, executed a mortgage securing $29,000, to George A. Rich, who, during the same month, transferred the mortgage to the plaintiff herein. The mortgage was duly recorded in Hancock county, Iowa, and also indexed as a chattel mortgage therein on February 27, 1926.

The mortgage pledged the rents and profits for the payment of the amount due under the mortgage, and provided for the appointment of a receiver to take possession of the property and collect the rents and profits and distribute the same under order of court.

Thereafter the mortgagor executed a deed of his interest in the land to the Clarion Savings Bank as security for an indebtedness to the bank.

Thereafter, on June 30, 1931, the Clarion Savings Bank became insolvent, and L. A. Andrew was appointed receiver thereof. A few days thereafter a new deed to the land was executed to Andrew, as receiver, and the old deed was returned to the mortgagors. The consideration was an existing debt of Mr. Smith to the bank.

The foreclosure proceedings were begun on September 11, 1931. On September 12, 1932, and more than a year after the foreclosure proceedings were commenced, the defendant Andrew executed a lease of the land in question to a tenant for the year 1932. The record fails to show any other lease for that year. The only rentals in controversy are for the year 1932.

The court entered judgment and decree of foreclosure for $30,779. The property was sold under execution for $2,000 less than the amount of the judgment, leaving a deficiency judgment of $2,000, for which amount plaintiff claims the rents of 1932 and the appointment of a receiver to collect.

I. The defendant L. A. Andrew did not assume to pay the mortgage in question. The main controversy is whether or not Andrew, the receiver, is entitled to the rents of 1932, under his deed. A similar question has been squarely decided by us in the case of Northwestern Mut. Life Ins. Co. v. Gross, 215 Iowa 963, 247 N. W. 286. In that case we held that, at the time Andrew took his

deed, he took the rights of his grantor and no more. In that case, as here, Gross, the mortgagor had given a deed of the property in question to Andrew, as receiver. There we said:

"He can therefore claim no higher rights in said property than Gross had. In other words, he 'stepped into Gross' shoes' as they then existed."

The mortgage in question was duly recorded, both as a real estate and chattel mortgage, and, at the time defendant Andrew received his deed from the grantor, he took it subject to the duly recorded mortgage then held by the plaintiff.

In the Gross case we also said:

"We are aware that the pronouncement we make in this case is squarely contrary to the rule laid down in Schlesselman v. Martin, 207 Iowa 907, 223 N. W. 762, and some other cases in which that case is followed, but, after a reconsideration of the questions involved herein and in the Schlesselman case, we reach the conclusion that the Schlesselman case was wrongly decided, and the same is hereby overruled."

So, in the case at bar, Andrew, as receiver, took no higher rights than were held by his grantor, the mortgagor. Under this rule, the grantee of the property in question cannot interpose this defense.

In view of such ruling, we believe the judgment of the lower court appointing a receiver was correct, unless the appointment of a receiver was not justified for failure to conclusively show the insolvency of H. E. Smith, the grantor of the Clarion Savings Bank.

II. We think the question of the court's right to appoint a receiver, in the absence of a showing of insolvency on the part of the former owner of the real estate, is controlled by the case of American Comm. & Sav. Bank of Davenport v. McCammond, 213 Iowa 957, 238 N. W. 77, 78.

In the case at bar, an execution was issued to the sheriff of Hancock county, whose return showed there was no property of the defendant Smith found in his county. Smith lived in another county, and appellant contends the return does not conclusively prove his insolvency. It is true that, where the title of the property under foreclosure is still in the original mortgagor, it is necessary to show his insolvency before a receiver may be appointed. We have, how-

ever, recognized a different rule in actions where the property is no longer in the name of the mortgagor, and the mortgagee seeks to enforce his rights under the mortgage. In American Comm. & Sav. Bank v. McCammond, supra, we said:

"It is true that we have held that we will not award receivership to a foreclosing plaintiff unless the insolvency of his debtor be shown. The reason for such rule is that in such a case the plaintiff has adequate remedy at law to collect personally from his debtor and no equitable reason is left why the debtor should be disturbed in the possession of his land. Such rule of equity is of our own making and is intended for the benefit of the debtor. These defendants are neither debtors nor mortgagors. On the face of the rule therefore it has no application to them. If they had assumed the mortgage and thereby had become personally liable therefor, a showing of their insolvency might have been requisite on the part of plaintiff. If solvent, the plaintiff could have recourse to their personal liability. Likewise the intervener could have the same recourse. The question of their solvency or insolvency is quite immaterial herein, *either to the plaintiff or to the intervener.* No personal remedy against them is available in either event." (Italics are ours.)

In view of this rule, it seems unnecessary to conclusively prove the insolvency of the original debtor as a condition precedent to the appointment of a receiver.

We believe the action of the lower court in appointing a receiver was correct. Its judgment and decree is therefore affirmed. —Affirmed.

KINDIG, C. J., and STEVENS, ALBERT, DONEGAN, ANDERSON, MITCHELL, and UTTERBACK, JJ., concur.

EVANS, J., dissents.