BEATRICE WILLEY, Appellant, v. L. A. ANDREW, Superintendent of Banking, Receiver, et al., Appellees.

No. 41454.

MARCH 14, 1933.

Fred E. Hansen, for appellant.

Harry Langland and John Fletcher, Attorney-general, for appellees.

UTTERBACK, J.—This is an action in equity by Beatrice Willey, asking the foreclosure of a certain mortgage on 160 acres of land in Story county, Iowa, against L.-A. Andrew, superintendent of banking of the state of Iowa, as receiver for the State Savings Bank of Zearing,- Iowa, and against the State Savings Bank of Zearing, Iowa, and Harry Britten and M. O. Holland, tenants upon the mortgaged premise.

The appellant is the owner of a certain note duly executed by the State Savings Bank of Zearing, Iowa, for the sum of $16,000, which became due July 13, 1931. The bank duly executed and delivered to the appellant a first mortgage covering said land, to secure the payment of the note. Decree was entered for the full amount due on the note, and the mortgage was foreclosed without objection on the part of the defendants. In the decree, the matter of the appointment of a receiver was left open for determination after the sale of the mortgaged premise under special execution.

At the sheriff's sale, the appellant, being the only bidder, purchased the mortgaged premise for the sum of $15,264.75, leaving a deficiency on the judgment against the bank and against L. A. Andrew, as receiver for the bank, in the sum of $2,254.74, with interest. Thereafter, on December 11, 1931, a hearing was had upon the question of the appointment of a receiver to take charge of the mortgaged premise and to collect the rents and profits therefrom during the period of redemption.

The case was submitted on an agreed statement of facts in which, among other things, it was stipulated and agreed by the parties, that the bank was insolvent; that the mortgaged premise was sold at sheriff's sale under special execution to the appellant for $15,264.75, she being the only bidder at the sale; that there was a deficiency judgment for $2,254.74; that the appellee L. A. Andrew, as receiver of the bank, had collected rents and profits for the year ending March 1, 1932, and had not used any of the proceeds in payment of interest to the appellant, or to pay taxes on the mortgaged premise; that, prior to the commencement of this foreclosure proceeding, the appellee, L. A. Andrew, as receiver, on August 7, 1931, rented eighty acres of the mortgaged premise to appellee Harry Britten, and the other eighty acres of said premise to the appellee M. O. Holland, for one year ending March 1, 1933; that the leases were in writing; that the notes and mortgage were duly executed by the proper officers of the appellee bank; and that the appellee L. A.

Andrew, as receiver, claims the rents and crops for the year ending March 1, 1933, and that he does not intend to use the proceeds therefrom, either to pay taxes upon the mortgaged premise, or to pay interest to the appellant upon the said indebtedness.

The trial court, after the said hearing, entered supplemental decree, finding that the appellee, L. A. Andrew, as receiver, was entitled to said rents and crops, and denied the appellant's application for a receiver.

Under the facts and circumstances above stated, the question in this case is, Was the appellant entitled to the appointment of a receiver, and did she have a prior claim upon the rents and crops?

This case raises no issues nor propositions not fully covered by the court in the case of Northwestern Mutual Life Insurance Company v. Elmer A. Gross, 215 Iowa 963, 247 N. W. 286, which case overrules the former holdings of this court, as laid down in the case of Schlesselman v. Martin, 207 Iowa 907, 223 N. W. 762. In the Northwestern Mutual Life Insurance Company case, L. A. Andrew, state superintendent of banking and receiver of the County Savings Bank of Algona, Iowa, had received sheriff's deed to the premise covered by the mortgage of the insurance company. As such receiver, he asserted a superior claim to the rents and profits. In that case, this court said:

"* * * When Andrew obtained title to this property by means of a sheriff's deed, he took it subject to first mortgage and all its terms, and among others, was the agreement set out in this mortgage entitling the plaintiff, under certain conditions, to the appointment of a receiver to collect rents, income, and profits, and he therefore took the property subject to this pledge of rents, income, and profits and provisions for a receivership. In his foreclosure case, Andrew alleges that this mortgage in favor of the plaintiff was outstanding and superior to his mortgage. It is our conclusion that the plaintiff made the necessary showing entitling it to the appointment of a receiver, and further that the plaintiff is entitled to the rents, income, and profits accruing or arising after he filed his petition for a receiver, and during the period of redemption under its foreclosure. There is no necessity for appointing a receiver for the plaintiff under these circumstances, as Andrew, the receiver, is a party to this action and bound by this finding, and the expense of another receivership would be useless under the circumstances."

Adhering to the above rule announced in the case of North-western Mutual Life Insurance Company v. Elmer A. Gross et al., supra, we hold that the appellant has the superior claim to the rents and profits, but in this case there is no necessity for the appointing of a receiver, for the reason that L. A. Andrew, state superintendent of banking, as receiver for the County Savings Bank of Algona, Iowa, is a party to this action and is bound by this finding. The judgment of the trial court is reversed, and the case remanded to the district court to make such orders as may be necessary in accordance with this opinion.—Reversed.

KINDIG, C. J., and ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.

EVANS, J., dissents.