CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant, v. ELLEN STAHLE et al., Defendants; L. A. ANDREW, Superintendent of Banking, Appellee.

No. 41738.

APRIL 4, 1933.

Donnelly, Lynch, Anderson & Lynch, for appellant.

Edwin B. Wilson, for appellee.

KINTZINGER, J.—On November 13, 1924, Ellen Stahle, unmarried, as owner of certain real estate, executed a note and first mortgage securing the note to the Midland Mortgage Company for $17,000. The mortgage contained a receivership clause pledging the rents, profits, and right of possession during the period of redemption. The mortgage was duly recorded on November 14, 1924.

This mortgage was assigned to the plaintiff by the Midland Mortgage Company on November 15, 1924, and the assignment recorded on November 29, 1924. On November 15, 1924, the original owner and mortgagor conveyed the real estate in question to the defendant Eugene Stahle.

Some time prior to August 12, 1931, Eugene Stahle executed a note and second mortgage on the real estate in question to the Ulch Bros. Bank in the sum of $8,000. This mortgage was made subject to the first mortgage held by plaintiff.

On August 12, 1931, the Ulch Bros. State Bank closed, and L. A. Andrew was appointed receiver thereof, and as such receiver came into the possession of the second mortgage of $8,000 held by the bank.

On December 1, 1931, Eugene Stahle leased the real estate in question to a tenant named Pennington for one year from March 1, 1932, for a rental of $950, taking the tenant's rent notes for $950, for the rent. On the same day and at the same time, in consideration for his indebtedness to the Ulch Bros. Bank on the second mortgage, Mr. Stahle executed a warranty deed and an assignment of the lease and rent notes to L. A. Andrew as receiver of the bank. The deed, lease, and rent notes are still in the possession of Andrew as receiver of said bank. The deed to L. A. Andrew, as receiver, was expressly made subject to plaintiff's first mortgage.

One of the provisions of plaintiff's mortgage was the following clause:

"That the court in which suit is brought to foreclose this mortgage shall, upon motion of the complainant, without notice to the defendants in said cause, appoint a receiver for the land and premises above described and mortgaged; with power to enter upon, cultivate and operate the same, and collect the rents, issues and profits thereof during the pendency of such suit and up to the time when the purchaser at foreclosure sale shall be entitled to the possession thereof, and with the usual powers of receivers, in such cases, and the net profits and avails thereof shall be applied toward the payment of the accrued and accruing interest, taxes and assessments, insurance, other liens and encumbrances and disbursements paid and discharged under the terms hereof, and the principal sum herein secured, and application thereof may be made before suit is instituted to foreclose this mortgage, or in such action either before or after judgment, or even after the sale of the premises under such foreclosure proceedings."

On January 12, 1932, plaintiff commenced this foreclosure proceedings. Decree of foreclosure was entered on February 19, 1932, but the receivership was continued until after the sheriff's sale, at which time the lower court denied plaintiff's right to a receivership for the collection of rents and profits under its mortgage, to be applied upon the deficiency due plaintiff on its judgment.

A special execution was issued and the property sold at sheriff's

sale on March 25, 1932, for an amount leaving a deficiency judgment of $1,484.43. The sheriff's return showed no property found upon which a levy could be made to satisfy such deficiency.

The controversy between plaintiff and Andrew relates to the rights of the parties to the rents of 1932.

When Andrew was appointed receiver of the Ulch Bros. Bank, he came into the possession of a second mortgage against the real estate in question. Shortly before the commencement of this action, Andrew, as receiver, acquired title to said real estate by a deed from Eugene Stahle. He took this deed subject to plaintiff's mortgage. At the time these proceedings were commenced, therefore, he, as receiver of the bank, was the titleholder of the property in question, subject to plaintiff's mortgage.

The facts in this case are almost identical with the facts in the case of Schlesselman v. Martin, 207 Iowa 907, 223 N. W. 762. That case is relied on by the receiver as supporting the lower court's ruling in this case, and we do not hesitate to say that the ruling of the court in the Schlesselman case would be controlling of this case if the rule therein announced had been adhered to. The Schlesselman case, however, was expressly overruled by this court in Northwestern Mutual Life Insurance Co. v. Elmer A. Gross et al., 215 Iowa 963, 247 N. W. 286, 287. With reference to the facts in the Schlesselman case, appellee says:

"In said case, the mortgagor Martin conveyed land to the Parnell Savings Bank subject to plaintiff's mortgage. L. A. Andrew was subsequently appointed receiver of said bank and as such receiver acquired title to the lease and rent notes which were drawn to the Parnell Savings Bank as payee. The court held that the bank receiver was entitled to the rents and profits of the mortgaged land during the period of redemption after foreclosure, as against the plaintiff, the mortgagee. The Supreme Court based its holding upon the fact that the receiver's position is analogous to that of a creditor who has taken the rent notes either in payment or security of a debt, and in such a case the subsequent right accruing to the mortgagee to assert a lien under the receivership clause will not relate back so as to defeat the creditor who has a lien upon the subject matter. This case is quite analogous to the case at bar, the only distinction being that the bank, prior to its closing, in said case acquired title by deed subject to the mortgage, and in this case the receiver him-

self took title, subject to the mortgage, direct from the mortgagor or her grantee. Whether the receiver takes title directly or indirectly through the bank, he takes title for the benefit of creditors as well as the debtor bank, and he may assert any rights which creditors may have asserted."

Upon this question the appellee further says:

"It is true that in the Schlesselman case the conveyance was made directly to the bank and that the title passed to the receiver by operation of law, while in the instant case the deed was taken by the receiver after his appointment as receiver. It is submitted that such distinction is not material and that the real estate covered by plaintiff's mortgage is as much the asset of the bank whether the same passed directly or indirectly to the receiver."

The deed, lease, and rent notes were held by Andrew as receiver for the Ulch Bros. Bank. At the time the bank closed, a second mortgage on the real estate in question among the assets of the bank came into the possession of the receiver for the bank. This second mortgage was surrendered by the receiver to its mortgagor for a warranty deed to the real estate in question and the lease and rent notes.

In the case of Northwestern Mutual Life Ins. Co. v. Gross et al., the receiver foreclosed a second mortgage before the commencement of plaintiff's action therein, and in the foreclosure proceedings received a sheriff's deed to the property in question long before the plaintiff's action was commenced. In that case the court said:

"As such receiver, he claims the rents and profits from said land. He held title at all times during the pendency of the present proceedings. It is apparent, therefore, that, at the time this proceeding was commenced, Andrew, as receiver, was the fee title holder of said property, subject to the mortgage of the plaintiff, and it is his claim that as such receiver he is entitled to hold such rents and profits for the benefit of the estate which he represents, and it was on this theory that the lower court refused plaintiff a receiver."

In that case the court further said:

"He can therefore claim no higher rights in said property than Gross had. In other words, he 'stepped into Gross' shoes' as they then existed."

The court further said:

"Andrew, as receiver of this bank, was the fee title holder to this property subject to the provisions of the outstanding mortgage of the plaintiff. Plaintiff started foreclosure, and under the provisions of his mortgage, asked for a receiver. * * * In addition to what we have heretofore said, when Andrew obtained title to this property by means of a sheriff's deed, he took it subject to first mortgage and all its terms, and, among others, was the agreement set out in this mortgage entitling the plaintiff, under certain conditions, to the appointment of a receiver to collect rents, income, and profits, and he therefore took the property subject to this pledge of the rents, income, and profits and provisions for a receivership."

Under the rule announced in the Gross case, the grantee of real estate taking under a sheriff's deed takes it subject to all the terms of the first mortgage. The deed to the receiver in this case expressly provided that his deed was subject to the plaintiff's mortgage. Under plaintiff's mortgage, it was entitled to a receivership for the collection of rents and profits during the year of redemption.

In this case, like in the Schlesselman case, the receiver also had possession of the deed, the lease, and rent notes. In this case, like in the Gross case, the receiver simply stepped into the shoes of his grantor, and the rent notes received by the receiver were only the evidence of the unpaid rent for the year of redemption. When the owner conveyed this real estate and the lease and rent notes to L. A. Andrew, as receiver, he took it subject to all the liabilities of his grantor. His deed was expressly made subject to plaintiff's mortgage which pledged the rents and profits under a receivership clause therein. Following the rule announced in the Gross case, it is our opinion the receiver Andrew in this case took the real estate with all the liabilities of the mortgagor. It was taken subject to the terms of the mortgage, and in our opinion plaintiff, as mortgagee, was entitled to a receivership for the collection of rents and profits as prayed for.

As the year of redemption has expired, there is at this time no need for the appointment of a receiver to collect the rents. The receiver, however, is a party to this action, and is bound by our findings. It is our conclusion that the plaintiff is entitled to the

rents for the year of redemption, and as such is entitled to either the rent notes or the proceeds thereof from the defendant receiver.

This case is therefore remanded to the lower court to make an order in accordance with this opinion.—Reversed.

All Justices concur.