LINCOLN JOINT STOCK LAND BANK, Appellee, v. L. M. BARLOW et al., Defendants; L. A. ANDREW, Superintendent of Banking, Appellant.

No. 41955.

DECEMBER 12, 1933.

Gibson & Stewart, for appellant.

Burt J. Thompson and Dudley Weible, for appellee.

KINTZINGER, J.—L. M. Barlow and wife, owners of the real estate in question, in 1924 executed a note and mortgage to plaintiff in the sum of $17,000. The mortgage was duly recorded as a real estate and chattel mortgage in Hancock county, Iowa, where the land was situated. The mortgage also provided as follows: "It is further agreed that the rents and profits of said real estate are hereby pledged as security for the payment of said debt; and that in case of foreclosure, * * * the holder of the same shall be entitled to have a receiver appointed to take possession of said property

pending foreclosure, sale and redemption, and to collect the rents" to apply on the mortgage debt.

On February 23, 1925, the mortgagor conveyed the real estate described in the mortgage to the Union Securities Company at Polk county, Iowa. This company was an affiliate of the Iowa Trust & Savings Bank. On the next day, February 24, 1925, said Union Securities Company conveyed the property in blank, and delivered the deed to the Iowa Trust & Savings Bank. These deeds both provided that the conveyance was made "subject to a first mortgage of $17,000.00." The deeds and the real estate remained in possession of the Iowa Trust & Savings Bank from February 24, 1925, until the appointment of a receiver of the Savings Bank on December 8, 1930. At that time the deeds and real estate came into the possession of the defendant Andrew, as receiver of the Iowa Trust & Savings Bank. On November 15, 1929, the real estate was leased in writing to a tenant by the Iowa Trust & Savings Bank, for the year 1930 to "February 29, 1931," under an agreement for a five-year extension, if agreeable to both parties.

There was some claim that the deed in blank from the securities company did not convey a valid title to the Iowa Trust & Savings Bank. It may be conceded, however, for the purposes of this case, that the title and possession of the real estate subject to the later lease, was in the Iowa Trust & Savings Bank from the 24th of August, 1925, until the receiver was appointed on December 8, 1930. The record shows that the conveyance from the mortgagor to the securities company and the conveyance in blank, from the securities company to the Iowa Trust & Savings Bank, were both executed subject to plaintiff's mortgage. The title of said Iowa Trust & Savings Bank was therefore subject to the plaintiff's mortgage. The lease alleged to have been entered into with a tenant for the year 1930 to March 1, 1931, providing for a tentative extension thereof, came into the possession of L. A. Andrew, as receiver of the Iowa Trust & Savings Bank on December 8, 1930.

The assets taken over by the receiver included the mortgaged farm in question, together with the outstanding lease thereon. The receiver claims the right to the rents and profits during the year of redemption for the benefit of the creditors of the insolvent bank.

It is now the settled rule in this state that a grantee of the original mortgagor stands in the shoes of his grantor, and, where he takes the property subject to the first mortgage, he stands in

the shoes of the original mortgagor. It is also the settled rule that the receiver of a bank stands in the shoes of the insolvent bank, and can claim no greater or higher rights in real estate, subject to a mortgage, than the bank. The insolvency of the original mortgagor is conceded.

Although there was authority for a contrary rule (Schlesselman v. Martin, 207 Iowa 907, 223 N. W. 762), it is now the rule that the receiver of an insolvent bank acquires no greater rights than those possessed by the bank (Northwestern Mutual Life Ins. Co. v. Gross, 215 Iowa 963, 247 N. W. 286; Metropolitan Life Ins. Co. v. Sheldon, 215 Iowa 955, 247 N. W. 291; Metropolitan Life Ins. Co. v. Smith, 215 Iowa 1052, 247 N. W. 503; Connecticut General Life Ins. Co. v. Stahle, 215 Iowa 1188, 247 N. W. 648).

In the case of Northwestern Mutual Life Ins. Co. v. Gross, 215 Iowa 963, 247 N. W. 286, we said:

"It is ·apparent, therefore, that, at the time this proceeding was commenced, Andrew, as receiver, was the fee title holder of said property, subject to the mortgage of the plaintiff, and it is his claim that as such receiver he is entitled to hold such rents and profits for the benefit of the estate which he represents. * * * He can therefore claim no higher rights in said property than Gross [the original mortgagor] had. In other words, he 'stepped into Gross' shoes' as they then existed. * * * It is conceded that Gross was insolvent at the time, and the plaintiff has made such showing as would warrant the court in granting him a receiver as against Gross, and, so long as the receiver stepped into the place of Gross and obtained no higher rights that Gross had, we are unable to see where Andrew, as receiver, was entitled to defeat plaintiff's receivership."

The foregoing cases governed the law applicable to this case, and it is unnecessary to further consider or discuss the theory under which those cases were decided. A reference thereto is sufficient. Under the rule therein announced, we are constrained to hold that the plaintiff is entitled to a receivership for the purpose of collecting the rents and profits during the year of redemption.

Other questions in relation to the validity of the extension of the lease, and the ownership of the real estate by the Iowa Trust & Savings Bank are raised, but a consideration thereof is unnecessary for a determination of this action.

The judgment of the lower court is therefore hereby affirmed.

ALBERT, C. J., and ANDERSON, STEVENS, MITCHELL, KINDIG, and CLAUSSEN, JJ., concur.