H. C. Greenleaf, Receiver, Appellant, v. D. W. Bates, Superintendent of Banking, Receiver, et al., Appellees.

No. 43794.

February 16, 1937.

Rehearing Denied June 18, 1937.

Healey & Reynolds, for appellant.

E. F. McEniry, for appellees.

HAMILTON, J.—There is little dispute with reference to the facts. The Federal Land Bank of Omaha held a mortgage against Samuel J. Madison et al., upon certain real estate situated in Union County, Iowa. This land was sold on special execution, upon a judgment in favor of Security Loan & Investment Company against said Samuel J. Madison and Emma Madison on the 10th day of October, 1931, to the Farmers & Merchants Savings Bank of Creston, Iowa, and on the 25th day of February, 1933, said bank received a sheriff's deed to said premises. This purchase was of course subject to the prior first mortgage of the Federal Land Bank of Omaha. On March 1, 1933, the Farmers & Merchants Savings Bank closed and L. A. Andrew, superintendent of banking of the State of Iowa was appointed receiver of said bank. Thereafter on April 14, 1933, the Federal Land Bank of Omaha commenced its action in equity to foreclose its said mortgage, praying for the appointment of a receiver, which petition was duly entered in the lis pendens record. Both the bank and L. A. Andrew, superintendent of banking as receiver of said bank, were made parties defendant, and on the 24th day of April, 1934, decree of foreclosure was entered, which decree was filed in the clerk's office of said county on May 2, 1934, and H. C. Greenleaf was appointed receiver to take charge of said farm and collect the rents, etc. The receiver failed to qualify until August 22, 1935. In the meantime the examiner in charge of the Farmers & Merchants Savings Bank leased said farm and collected the rents therefrom. The rents for the years 1933 and 1934 were collected prior to the time the receiver in the foreclosure action qualified as such. The last year's rent was collected after the date of his qualification. All

of the rent accrued after the date of the filing of the petition, to wit, April 14, 1933. The mortgage pledged the rents and profits and provided for the appointment of a receiver in the event of foreclosure.

The law applicable is well settled. Under a long line of decisions of this court, the mortgagee, Federal Land Bank of Omaha, had a lien upon the rents from the date of the filing of said petition. Northwestern Mutual Life Ins. Company v. Gross, 215 Iowa 963, 247 N. W. 286; Metropolitan Life Ins. Co. v. Andrews et al., 215 Iowa 1049, 247 N. W. 551, and the appointment of the receiver relates back to the commencement of the action, namely, the filing of the petition in which a receiver is requested. Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399. The Farmers & Merchants Savings Bank of Creston, Iowa, under its sheriff's deed can claim no higher rights in said property than the mortgagors from whom it acquired title through sheriff's sale. Northwestern Mutual Life Ins. Company v. Gross, supra; Lincoln Joint Stock Land Bank v. Barlow, 217 Iowa 323, 251 N. W. 501; Capital City State Bank v. Riser, 215 Iowa 680, 246 N. W. 763.

■■■ Appellees concede all this, but contend that the Federal Land Bank and its receiver, the plaintiff herein, waived its right to the 1933 and 1934 rent by reason of the fact that the receiver failed to qualify, without any excuse therefor, until August 22, 1935, and cites as authority 67 C. J., page 299, wherein the following principle is announced:

"To constitute waiver, there must be, generally, first, an existing right, benefit, or advantage; secondly, knowledge, actual or constructive, of the existence of such right, benefit or advantage, and, lastly, an actual intention to relinquish it or such conduct as warrants an inference of relinquishment."

The evidence is not sufficient to support the plea of waiver. There is not any evidence indicating that the Federal Land Bank had any intention of waiving any of its rights under its mortgage to any portion of the rents. It is true there were negotiations of settlement which the examiner in charge of the Farmers & Merchants Bank testified extended over a period from September, 1933, down to shortly before this action was commenced, when formal demand for an accounting was made upon the appellee, receiver. These negotiations were between

the fieldman of the Federal Land Bank and the examiner in charge of the Farmers & Merchants Bank, and at one time they reached the stage, according to the evidence, where the fieldman was willing to recommend to his principal, settlement along certain lines. This proved to be futile as agents of the Federal Land Bank having authority superior to that of the fieldman turned down the proposed settlement, and nothing definite was accomplished, and appellant urges as an excuse for the delay on the part of the plaintiff-receiver to qualify, the fact that these negotiations were pending. The evidence is not very clear as to the details of the proposed terms of all of the negotiations. The only tentative agreement shown by the evidence consisted of the proposition whereby the Farmers & Merchants Bank was to get $250 which was to come out of the receipts of the rents for 1935 for making a deed to the property to the Federal Land Bank and the Merchants' Bank to keep the rents for the prior years. The examiner in charge of the bank testified that he understood that the proposition would have to be approved by the Federal Land Bank, and that until so approved, would not be binding. He was then asked this question: "Q. There had been claims made by other agents of the bank for this rent, in other words there has been a controversy in your trust ever since you arrived there, hasn't there? A. Yes, there has." Were it not for these continuous negotiations, there might be some basis in equity to support waiver by estoppel from the conduct of the mortgagee in failing to assert its rights under its foreclosure decree through its receiver in taking charge of the premises and collecting the rents.

The examiner in charge apparently was cognizant of the fact that this matter between the Federal Land Bank and the Merchants Bank over these rents was still in controversy. This is demonstrated quite conclusively by the fact that he kept this rent account separate and did not mingle the funds with those of the bank. He testified that he knew of the foreclosure action pending, and that all of these rents were received after April 14, 1933, the date of the filing of the petition in the foreclosure suit. He prepared an itemized statement showing the exact amount of the rents collected for each year and the items of expense, which statement was introduced in evidence. He was then asked: "Q. And do you now, as the officer in charge of that trust, have these monies on hand? A. Yes, sir. Q. And you can account for

them? A. Yes, sir." This statement shows a total net income of rents received for the three year period of $1,055.31. He disavowed any claim for compensation for collecting the rents.

The trial court, without specifying any legal basis for his finding, states: "I do think that the plaintiff in this case by its own action and its own conduct here is not entitled to all of these rents." The court then recites the facts with reference to the delay on the part of the receiver in qualifying and gives his own version of the reason for the delay and then states: "If he had qualified promptly and asserted his rights promptly when the decree was entered, the Court would have had no course in the matter excepting to allow the plaintiff the full amount of the rents received by the receiver of the Farmers & Merchants Savings Bank."

▮▮ With the exception of one item we are unable to find any basis in law or equity to support the reasoning or conclusion of the distinguished trial court.

There is no evidence that anyone has been harmed or sustained any damages because of the delay on the part of the plaintiff to qualify as receiver. Apparently all expenses incident to the renting and collecting of the rents were deducted and allowed. It should be kept in mind that this bank was in receivership. The farm covered by this mortgage was *in custodia legis*. The receiver of this bank was an officer of the court. There was no occasion for haste on the part of the mortgagee. Pending the negotiations the rent money was safe. In the Gross case, supra, this court found that there was no necessity for another receiver because of the fact that the superintendent of banking as receiver was a party to the action and the whole matter could be adjusted without the expense of another receivership. The evidence does show that as to one item of $100.13, being the first item of rent collected, the same was applied to reimburse the bank for money which it had advanced to pay interest to the Federal Land Bank upon its mortgage, and some taxes upon the land. Hence, the mortgagee received direct benefit to the extent of this item, and under the principle that "he who seeks equity must do equity" and in good conscience this amount should be deducted from the total net amount of rent received as shown by the evidence. Therefore, the item of $100.13 should be deducted from the item of $1,055.31 and plaintiff should have judgment for the balance. Of course, the

amount which has already been paid into the clerk's office, being the rent for the year 1935, is not in controversy and this also will be credited upon the total amount, and the money turned over to the plaintiff.

With this modification, the decree of the trial court is reversed in part and remanded with instructions to enter a decree in harmony with this opinion.

 Appellees' contention that it was necessary to serve notice of the foreclosure suit upon D. W. Bates, successor in office to L. A. Andrew, is not tenable. L. A. Andrew, superintendent of banking, receiver, was duly served, and the cause of action survived against whoever might succeed to this office. Orderly procedure, of course, required that the new officer be substituted party defendant, and this was done before the case was finally disposed of. Furthermore, the trial court found against appellees on this issue and appellees have not appealed. —Reversed in part and remanded with instructions.

RICHARDS, C. J., and DONEGAN, PARSONS, STIGER, SAGER, ANDERSON, and KINTZINGER, JJ., concur.