BANKERS LIFE COMPANY, Appellant, v. CHARLES A. GARLOCK et al., Appellees, and NELLIE A. WALLACE, Intervener, Appellee.

No. 45088.

April 2, 1940.

Shaw & Shaw, D. M. Kelleher, and Lorentzen & Nourse, for appellant.

John M. Schaupp, for appellees Charles A. Garlock, Leone G. Garlock, and Nellie A. Wallace.

HALE, J.—Plaintiff brought suit to foreclose a mortgage given by Charles A. Garlock and wife in 1928. The mortgage, in the granting clause immediately following the typewritten description of the land, has the words: "and also all the rents, issue, uses, profits, and income therefrom, and all the crops at any time raised thereon from the date of this agreement until

the terms of this instrument are complied with and fulfilled.'' Immediately following is the habendum clause, with covenants of seizin, right to sell and convey, freedom from incumbrances, and covenants as to quiet enjoyment and warranty. The usual further agreements follow relating to obligation to pay taxes, insurance, waste, and so on.

The mortgage was recorded November 19, 1928, and indexed in the chattel mortgage index. Petition for foreclosure was filed on August 13, 1938, asking foreclosure as to both real estate and personal property, and asking judgment. Answer was filed by defendant Charles A. Garlock, admitting that the mortgage was due, but denying that plaintiff had any lien or right or interest in any of the rents, issues, profits, income, or crops from the mortgaged real estate; alleging that he had leased the real estate on February 3, 1938, to J. H. Kelley and wife for a 2-year term commencing March 1, 1938, and ending March 1, 1940, and on May 17, 1938, had assigned the landlord's share in said lease for a valuable consideration to Nellie A. Wallace (intervener herein), and asking that her rights be established as superior to any rights of the plaintiff. The lease, attached as an exhibit to the answer, provided that the lessee was to give as rental a share of corn and small grain raised on the mortgaged premises, and pay $6 per acre for all hay and pasture land not in crop. Nellie A. Wallace intervened, setting up the assignment of the lease to her as collateral for a prior mortgage of $8,000, and alleging the superiority of her right to the crops of 1938 and 1939. Plaintiff filed answer to the petition of intervention, alleging that its chattel mortgage on the crops was duly recorded and indexed long prior to intervener's lease and assignment. Decree of foreclosure was entered November 18, 1938, and judgment rendered against Charles A. Garlock for the amount of the principal, interest, and costs, and continuing the action as to the foreclosure of the personal property and as to the controversy involving the plaintiff's chattel mortgage and the issues raised by the petition of intervention and the assignment of the lease. Most of the facts as to the assignment were stipulated.

Trial on the question of plaintiff's right to foreclosure of its chattel mortgage as against the intervener-assignee was had on January 25, 1939, and the court found the facts as above-

stated; that there was a deficiency on sale on execution of over $2,000; that there was no question that the intervener was a creditor of the defendant Garlock, and that at the time of receiving the assignment of the lease she substituted the same for other security then in her hands; that she was a good-faith holder for valuable consideration, and that she was entitled to the landlord's share of the corn and small grain produced under the 2-year lease, but that the plaintiff was entitled to the cash rental payment for the year 1938, amounting to $180. Order and judgment was entered on June 12, 1939, in substance as above set out, giving to the intervener all the share rental consisting of the landlord's share of the corn and oats grown upon the mortgaged premises for the years 1938 and 1939, and ordering and adjudging that the plaintiff was not entitled to enforce any lien under its mortgage against said grain rental or any part thereof. From this order and judgment plaintiff appeals.

 I. The mortgagor Garlock was the owner of the land from and before the date of the mortgage in 1928 up to the time of the filing of this appeal, so that no question arises in this case as to any change of ownership. Plaintiff alleges that the court was in error in giving to the intervener the landlord's share of the corn and oats grown on the mortgaged premises for the years 1938 and 1939, and in finding that the plaintiff was not entitled to enforce the lien of its chattel mortgage against such share of the grain rental, and in finding that the assignee of the lease had priority over the chattel mortgage clause in plaintiff's mortgage; and, in substance, that the finding, order, and judgment of the court were erroneous in that they failed to recognize and hold that the lien of plaintiff's duly indexed chattel mortgage on the rents, uses, issues, income, and profits of the mortgaged premises was paramount and superior to any right, title, or interest of the intervener claiming under a subsequent lien.

There is no question that the recording and indexing of the mortgage were in compliance with section 10032 of the Code of 1935. The dispute is as to whether the mortgage clause was such as to constitute a valid chattel mortgage. Plaintiff claims that its lien under the chattel mortgage clause conveying rents, issues, profits, and crops, attached at the time the chattel mortgage was executed and indexed, and that the assignee

under a subsequent lease had constructive notice that such personalty was covered by the chattel mortgage, citing Equitable Life Ins. Co. v. Brown, 220 Iowa 585, 586, 262 N. W. 124. The granting clause of the chattel mortgage clause in the Brown case was in the following language:

" 'Does hereby sell and convey unto the said second party, its successors and assigns forever (certain real estate, describing it) * * * and also all the rents, issues, uses, profits and income therefrom and the crops raised thereon from the date of this instrument until the debt secured hereby shall be paid in full.

" 'To have and to hold the premises above described with all the appurtenances thereunto belonging, and all estate, title, dower, right of homestead and claims whatsoever of said first party unto the said second party, its successors and assigns forever.' "

In the instant case the granting clause of the chattel mortgage clause is as follows:

"* * * sell and convey * * * [describing the land] and also all the rents, issues, uses, profits and income therefrom, and all the crops at any time raised thereon from the date of this agreement until the terms of this instrument are complied with and fulfilled."

Plaintiff's contention is that the two clauses are substantially the same. The holding of the Brown case under the clause above-quoted was that this constituted a legal chattel mortgage, which gave to the mortgagee as against the mortgagor and others having actual notice thereof a first lien on all subsequently executed leases of the land and on certain promissory notes which represented the rental under said leases, and gave to the mortgagee a first lien on all such leases and notes against all assignees thereof. The further holding was that the lien of the rents and profits created by a chattel mortgage clause in a real-estate mortgage is effective from the date of the execution of the mortgage, and not from the date when petition for foreclosure and appointment of receiver is filed. The opinion, by Justice Hamilton, in that case, is based upon and follows the case of Farmers Trust & Savings Bank v. Miller, 203 Iowa 1380, 214 N. W. 546, and the case of Soehren v. Hein, 214 Iowa

1060, 243 N. W. 330. It also follows the rule laid down in Capital City State Bank v. Riser, 215 Iowa 680, 246 N. W. 763. The facts in the Brown case and those in the case at bar are very similar. The habendum clauses in the two cases are similar, except that there is a covenant of warranty in the case at bar. In both cases the mortgagors leased the premises and assigned the landlord's interest in the leases to the interveners before the beginning of the foreclosure proceedings. In neither case did the mortgagor raise the crop. In each case the same claim was made—that the assignment of the lease before commencement of the foreclosure action gave the assignee of the lease a right to the rent during the period of redemption, and that the mortgagee had no rights superior to the rights of the assignee. In both cases a distinction was attempted to be made between the money rent and the rent of a share of the crop. Both cases claimed that the language of the chattel mortgage clause was insufficient to constitute such chattel mortgage, and in both cases claim was made that the lien did·not attach to the personal property until foreclosure action was begun. The Brown case held contrary to all such contentions, and held, as before stated, that the lien of the chattel mortgage was effective from the date of the execution of the mortgage and was notice of the claim and rights of the mortgagee to the land and the rents, issues, profits, and crops.

The intervener's contention herein is that the enumeration of the rents, issues, uses, profits, income, and crops in the granting clause of a real-estate mortgage does not create a chattel mortgage where, by fair construction of the entire instrument, the language used is referable to the remedy for enforcement of the real-estate mortgage. Intervener cites in support of her view, Farmers & Merchants State Savings Bank v. Kriegel, 196 Iowa 833, 195 N. W. 624. We do not think this case sustains the claim of the intervener. The plaintiff in that case undertook to establish its chattel mortgage on the products raised on the land and severed therefrom, and on the animals nurtured by such products, which the court refused. No rents were involved therein. The court held in substance that the language used, ''uses and profits'', was descriptive of the necessary incidents of the ownership and possession of real estate, and that other portions of the instrument did not bear out

the contention that it was a chattel mortgage. Further, in the Kriegel case, the mortgage bore the caption "Real Estate Mortgage," and did not purport to convey, as in the instant case, any crops. We do not see how the Kriegel case can furnish any authority for the contention of the intervener.

II. Intervener argues that the enumeration of rents, issues, uses, profits, income, and crops, in the granting clause of a real-estate mortgage does not create a chattel mortgage unless the language used, when standing alone, and after striking all parts of the instrument which constitute a real-estate mortgage, is sufficient as a chattel mortgage. The language of Farmers Trust & Savings Bank v. Miller, supra, which is cited by intervener as authority, is as follows:

"The best test for ascertaining whether or not this instrument constitutes a chattel mortgage is to strike therefrom all of that part which constitutes a real estate mortgage, and then determine whether or not what is left will constitute a valid chattel mortgage. The granting clause of this instrument thus treated will read as follows:" Here follows the granting clause, with the description of the land omitted. Nothing in the opinion indicates that other terms than the description were struck out.

See also, Capital City State Bank v. Riser, supra, and Equitable Life Ins. Co. v. Brown, supra.

The contention of the intervener that a distinction may be drawn between the wording of the granting clause in the mortgage in suit and that found in the cases cited we do not think is founded upon any real difference. Intervener contends that the Miller case, and others, containing the clause "from now until the debt secured thereby shall be paid in full," do not require any reference to any part of the real-estate mortgage provisions for interpretation or effect, but that the wording of the chattel mortgage clause in the instant case does require such reference. It is apparent that there can be no such distinction. The Miller case required just as much reference to other parts of the mortgage to determine what the "debt secured thereby" was as does the present granting clause require a reference to other provisions of the mortgage to determine the terms of the instrument which must be complied

with and fulfilled. We think that the clause cannot be referable only to the enforcement of the real-estate mortgage.

III. The next contention of the intervener is that no chattel mortgage attaches unless such property belongs to the mortgagor at the time it comes into existence. Cases cited by intervener mostly apply to instances where there has been a change of possession, such as in the case of Fawcett Investment Co. v. Rullestad, 218 Iowa 654, 253 N. W. 139, where the mortgagor had died prior to the foreclosure and the property was in other hands. In the instant case the defendant Garlock was at all times the owner of the real estate and was also the landlord.

In the case of McMaster v. Emerson, 109 Iowa 284, 80 N. W. 389, the owner of the land during the period of the lease had no interest in the land. In other cases the land had changed hands, and this distinction is noted in subsequent cases. See among them the case cited by intervener, Equitable Life Assurance Society v. Hastings, 223 Iowa 808, 273 N. W. 908. In this latter case the distinction is made between it and the Brown case, supra, where the court holds that in the Brown case the ownership of the land remained in the mortgagor while in the Hastings case the mortgagor sold and conveyed the land and the lease and assignment were made by the purchaser. In our opinion the discussion in the Brown case disposes of this contention.

In Equitable Life Ins. Co. v. Read, 215 Iowa 700, 246 N. W. 784, the question is discussed as to the priority of liens or interests where the equities are equal, and the rule is laid down, following the long-established maxim of equity, that as between equal equities the first in order of time shall prevail, and this maxim is applied, giving to the first lien or contract for a lien the preference. If this rule were necessary to be invoked here, the lien of the chattel mortgage would be superior. But in the case at bar we do not think the equities are equal. Holding, as we do, that a valid chattel mortgage was created by the clause in the real-estate mortgage duly recorded and indexed, any subsequent purchaser or assignee of the property described in the instrument would take subject to the lien provided therein.

IV. Intervener argues that an agreement to rent is

not the same as rents, issues, income, profit, or crops, and is therefore not subject to the lien of the chattel mortgage. We fail to find any merit in this contention. The Brown case, supra, [220 Iowa 585, 593, 262 N. W. 124], holds that:

"These instruments represented the landlord's share of the rent which the lessee undertook to pay for the right to cultivate and use and take from the soil the entire issues and profits and income therefrom for the years covered by said leases. As soon as they were executed and delivered they became effective and binding obligations, and the lien of plaintiff's mortgage attached thereto in the hands of the mortgagor immediately upon their execution and delivery to him."

V. Intervener insists that where land is rented on shares the landlord acquires no ownership in the part of the crop required for rent until set apart to him by the tenant. Either Garlock had a property right in the crops at the time of the assignment to intervener or he had no interest therein. If he had no ownership until the division of the crop between him and the tenant, he had no interest therein which he could convey to the intervener. The assignee can take no greater interest than that of the assignor. Any rights which the assignor had at the time of the assignment must necessarily have been subject to the lien created by the chattel mortgage, which we have held to be valid.

VI. None of the cases cited by intervener seems to bear out her contention as to the inadequacy of the chattel mortgage. Reference has been made heretofore to the Kriegel case, and in argument to Owen v. Fink, 218 Iowa 412, 255 N. W. 459. In the latter case there was merely a pledge of the rents, crops, and income, and the instrument did not purport to grant them. In that case the difference is pointed out between the clause therein referred to and the clauses in the Miller and Riser cases, supra.

We think the Brown case is supported by the former rulings of this court, and as we believe, announces the true rules as to the questions raised. In the present case we cannot hold with the district court that the right of the plaintiff was not a superior right to that of the intervener. Other matters suggested in argument we think are fully covered by the authorities cited herein.

Our conclusion must be that there was error in the ruling of the court awarding the crops in question to the intervener; and the cause is, therefore, reversed and remanded for decree in conformity with this opinion.—Reversed and remanded.

HAMILTON, C. J., and STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.