MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellee, v. AMELIA NETSCH et al., Appellants; R. W. MECKES, Receiver, Appellee.

No. 46142.

DECEMBER 15, 1942.

REHEARING DENIED APRIL 9, 1943.

Roy E. Havens, of Logan, for appellants.

Welch, Acrea & Welch, of Logan, and Max E. Conn, of Ames, for appellees.

GARFIELD, J.—On February 23, 1928, Heinrich Netsch, with his wife, gave a mortgage on his 120-acre farm in Harrison county to secure a loan of $6,600, due April 1, 1938. The mortgagor died intestate on July 1, 1929, leaving his wife, Amelia, and ten sons and daughters as owners of the farm. On May 10, 1941, plaintiff, as assignee, commenced foreclosure against the widow and heirs. Decree of foreclosure was entered September 29, 1941. By the decree the matter of plaintiff's right to a receiver was continued until after the sale on special execution. At such sale, plaintiff purchased the mortgaged premises for $6,205.22, leaving a deficiency judgment of $874.69.

Hearing on plaintiff's right to a receiver was held on January 9, 1942. On April 20, 1942, a receiver was appointed to take possession of the farm, collect the rents and apply them on costs of receivership, taxes, insurance, maintenance, and any balance on the judgment. Defendants have appealed from this order.

The mortgage provided that "the rents and profits of said real estate are hereby pledged as security for the payment of said debt and that in case of foreclosure of this mortgage for any cause, the holder of same shall be entitled to have a receiver appointed to take possession of said property pending foreclosure, sale and redemption, and to collect the rents of said real estate, and apply the same to the payment of said debt and interest and costs of suit. And * * * in case of default * * * the said party of the second part, * * * or assigns, shall be entitled to the immediate possession of said premises, and the appointment of a receiver, as above provided."

Appellants contend that the above provisions created no lien upon the rents and profits until foreclosure was commenced and that the lien never became effectual against them because of the change in ownership following the mortgagor's death. Appellee asserts· that appellants have no greater rights than would the mortgagor, had he survived.

Appellants rely largely upon Fawcett Inv. Co. v. Rullestad, 218 Iowa 654, 253 N. W. 131, 94 A. L. R. 800, which holds that a provision amounting to a chattel mortgage upon crops to be grown in the future, contained in a real-estate mortgage, does not become a lien on crops grown subsequent to the mortgagor's death by a tenant of the administrators of the mortgagor's es-

tate who had been authorized by the court to rent the land. The decision is based on the theory expressed in McMaster v. Emerson, 109 Iowa 284, 80 N. W. 389, that a chattel mortgage on future crops creates no lien until the crops come into being and, since the mortgagor died prior to that time, no interest in the crops accrued to him to which the mortgage could attach.

The court in the Fawcett Investment Company case seems to have considered no provision of the mortgage except the clause creating a chattel mortgage on future crops. The court apparently gave no consideration to the mortgage provision, shown by the record in the case, authorizing the appointment of a receiver for the benefit of the mortgagee. The case was apparently decided as if it were solely a suit to foreclose a chattel mortgage on future crops which never came into being as property of the mortgagor. The provisions of the present mortgage do not amount to a chattel mortgage within the rule of Farmers Tr. & Sav. Bk. v. Miller, 203 Iowa 1380, 214 N. W. 546, and later cases.

The theory of the Fawcett Investment Company decision is also recognized in Equitable Life Assur. Soc. v. Hastings, 223 Iowa 808, 813, 273 N. W. 908; Bankers Life Co. v. Garlock, 227 Iowa 1335, 1342, 291 N. W. 536; Sykes v. Waring, 228 Iowa 1047, 1054, 293 N. W. 14.

This court has frequently said, as appellants contend, that a mere pledge of rents and profits and a provision for the appointment of a receiver, in a real-estate mortgage, create no lien upon such rents and profits until default and action to foreclose asking the appointment of a receiver. Hakes v. North, 199 Iowa 995, 997, 203 N. W. 238; Owen v. Fink, 218 Iowa 412, 413, 255 N. W. 459, and cases cited; First JSL Bk. v. Armstrong, 220 Iowa 416, 417, 262 N. W. 815. See annotation, 55 A.L.R. 1020, 1022. This rule has been applied most frequently in controversies over the rents between a mortgagee and a third party to whom the owner had assigned the lease. Equitable Life Ins. Co. v. Jeffers, 215 Iowa 696, 699, 246 N. W. 784. We have held many times that a good-faith assignment, for value, of the rents, by the owner, prior to commencement of foreclosure, takes precedence over a mere pledge of rents in a real-estate mortgage.

In Schlesselman v. Martin, 207 Iowa 907, 223 N. W. 762, the mortgagor deeded the land to a bank. A receiver was later appointed for the bank. This court held that such receiver was entitled to the rents in preference to the mortgagee claiming under the receivership clause in his mortgage. The decision was based largely on the theory that such receivership clause created no lien on the rents before foreclosure was commenced. This is substantially the basis on which appellants' argument here rests. However, the Schlesselman decision was overruled in Northwestern Mut. L. Ins. Co. v. Gross, 215 Iowa 963, 966, 247 N. W. 286, which held that a receivership clause in a mortgage is binding upon a subsequent owner who had acquired the land prior to commencement of foreclosure. In Equitable Life Ins. Co. v. Jeffers, 215 Iowa 696, 246 N. W. 784, we held the mortgagee was entitled to the appointment of a receiver as against a grantee of the mortgagor, saying that the grantee was subject to the same burdens as the mortgagor and that the provisions of the mortgage pledging the rents and for the appointment of a receiver are not nullified by a conveyance of the property.

The Gross and Jeffers decisions have been followed by several other holdings that mortgage provisions quite similar to those now before us are binding upon subsequent owners of the land. Metropolitan Life Ins. Co. v. Sheldon, 215 Iowa 955, 247 N. W. 291; Metropolitan Life Ins. Co. v. Smith, 215 Iowa 1052, 247 N. W. 503; Connecticut General Life Ins. Co. v. Stahle, 215 Iowa 1188, 247 N. W. 648; Lincoln JSL Bk. v. Barlow, 217 Iowa 323, 251 N. W. 501; Des Moines JSL Bk. v. Allen, 220 Iowa 448, 458, 261 N. W. 912; Greenleaf v. Bates, 223 Iowa 274, 276, 271 N. W. 614. See, also, Federal Land Bank v. Ditto, 227 Iowa 475, 288 N. W. 618, where a receiver was appointed upon the mortgagee's application as against the administrator and heirs of a deceased grantee of the mortgagor.

We regard these decisions as controlling here. It is not contended that appellee would not be entitled to a receiver as against the mortgagor had he survived. Appellants took the land subject to the mortgage and occupy no better position than would a grantee of the mortgagor or the mortgagor himself. ''Of course, an heir of the mortgagor takes the property subject to the mortgage.'' 37 Am. Jur. 343, 344, section 1032. There had

been no sale or assignment of the rents by the owners prior to the commencement of this suit. To accept appellants' contention would, in effect, return us to the rejected doctrine of Schlesselman v. Martin, supra, 207 Iowa 907, 223 N. W. 762.

It is our conclusion that the holder of a real-estate mortgage containing a pledge of the rents and profits and a provision for the appointment of a receiver is entitled to have a receiver appointed against the widow and heirs of the mortgagor if he makes a showing which would entitle him to similar relief against the mortgagor, had he survived. The order appointing receiver is therefore—Affirmed.

All JUSTICES concur.